Action by Lilly D. Burley against the Sea Crest Corporation, a Florida corporation, for personal injuries resulting from an automobile accident. From a judgment for the plaintiff, defendant appeals.
Affirmed.
Lilly D. Burley, plaintiff-appellee, filed suit in the Circuit Court of Brevard County, Florida, against Sea Crest Corporation, defendant-appellant, under Section 320.59, F.S.A., commonly known as the "guest statute", to recover for injuries sustained when riding as a guest of Harry Dunn, Jr., in a Cadillac automobile owned by the defendant-appellant. It was alleged that Harry Dunn, Jr., was the agent of the appellant and around 1:00 o'clock Sunday morning, March 16, 1947, was driving the automobile in a southerly direction, accompanied by the appellee, from Pompano on Ocean Boulevard to the City of Fort Lauderdale. Harry Dunn, Jr., approached the outskirts of the City of Fort Lauderdale at an estimated speed of 60 to 65 miles per hour and in passing cars on the Boulevard lost control of the car, which resulted in plaintiff's injuries. The jury rendered a verdict for the plaintiff below in the sum of $25,195.85. A motion for a new trial was made and denied and an appeal has been perfected here.
It is contended that the trial court erred in refusing to give the following charge to the jury:
"I charge you further, gentlemen of the jury, that if you find from the evidence that the driver of defendant's car, through no negligence of his own, was placed in a situation where he must adopt a perilous alternative or where in the terror of an emergency, for which he was not responsible and for which the driver of the other car was responsible, he acted wildly or negligently, such conduct under these circumstances is not gross negligence for the reason that a person in great peril is not required to exercise all that presence of mind and carefulness which are justly required of a careful and prudent person under ordinary circumstances. In such a case the negligent act of the party which caused the perilous situation (in this case the operator of the motor vehicle which was approaching *Page 435 
defendant's car on the wrong side of the road) is the proximate cause of the injury."
Counsel contend that the requested charge should have been given under Hainlin v. Budge, 56 Fla. 342, 47 So. 825. The requested charge, under the rulings of this Court, must be considered in the light of other charges given on the point in issue. We have examined the extra charge supra in light of charges given and it cannot be said that error was committed below.
In a motion for a directed verdict and a motion for new trial it was contended that the evidence was legally insufficient to support a verdict for the plaintiff. During the progress of the trial the plaintiff testified that she had been in the automobile only about five minutes when it collided with a telephone post. According to her testimony, Dunn drove the car in a normal manner until they met the oncoming car and after passing the car he began zigzagging the car back and forth across the paved road. It was a little bit after midnight and raining. On meeting the second car, Harry Dunn, Jr., swerved the car to the right and the wheels hit the sand on the shoulder of the road — causing it to swerve again to the left — then the car skidded a considerable distance and struck a telephone pole on the east side of the road, completely severing it and driving the remainder of the pole a distance of 47 1/2 feet from the point of impact. It was estimated that the car was traveling at the rate of 60 to 65 miles per hour. Other witnesses traveling the highway observed the lights of the Cadillac and corroborated the testimony of the plaintiff in many particulars. It is our view that this testimony presented purely a question for the jury, under appropriate instructions from the trial court.
Shortly after the impact witnesses traveling the highway rendered assistance in extricating plaintiff from the wreck, obtaining an ambulance and transmitting her to the hospital. Some few minutes were required in so doing and Harry Dunn, Jr., driver of the Cadillac, made certain statements as to the cause of the wreck, rate of speed he was traveling and other detailed statements. These admissions were offered in evidence on the part of the plaintiff during the progress of the trial and it was contended that these statements or admissions were hearsay and could not be considered by the jury under the res gestae rule. We are asked to reverse the judgment of the lower court on this point. We fail to find merit in the contention.
It appears from the record that the driver of the automobile was interrogated about the accident at the police station at Fort Lauderdale some few minutes after the accident. These admissions as made by Dunn were testified to by the patrolman who heard them. It is contended that this evidence was not a part of the res gestae, was prejudicial and improper. Appellee contends that the evidence was admissible upon the theory that Dunn was the agent of the defendant and the case of Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255, is relied upon to sustain the ruling of the court below. Our study of the challenged evidence discloses that the purported admissions testified to were established by other witnesses appearing for the plaintiff and therefore are cumulative. It cannot be said that the evidence was prejudicial to the appellant, and, in light of all the circumstances, if it was error it cannot be said that it was harmful.
The appellant posed for adjudication the question viz: Does section 317.17, F.S.A., render a statement or admission made by a person involved in an accident to a state highway patrolman privileged and confidential so that such statement or admission is inadmissible in evidence? We have studied the question in light of the entire record. Considerable space is given in the brief on the question of admissibility into evidence of the statements made by Harry Dunn, Jr., about the accident. It is contended that the above cited statute renders such statements privileged. Our study of the record goes a little further than the question propounded. The patrolman went to the scene of the accident and observed marks on the highway, the condition of the wrecked automobile, the severed telephone pole, the width of the highway at the point of collision, and afterwards the driver of the car made statements to the officer concerning *Page 436 
the details of the wreck. It may be that the written report of an officer under certain circumstances may fall within the inhibitions of Section 317.17, F.S.A., and when squarely presented can be pronounced upon by this Court. We fail to find error in the record.
Affirmed.
ADAMS, C.J., TERRELL, and THOMAS, JJ., and BROWN, Associate Justice, concur.