109 So.2d 400 (1958)
Peter M. VIHON, Appellant,
v.
Maurice G. McCORMICK and Leslie Y. Ford, Appellees.
No. 567.
District Court of Appeal of Florida. Second District.
December 10, 1958.
Rehearing Denied January 5, 1959.
*401 McClure & Turville, J.A. McClure, Jr., St. Petersburg, for appellant.
Masterson & Meros, B.J. Masterson, St. Petersburg, for appellee, Leslie Y. Ford.
Forrest Hoffman, St. Petersburg, for appellee, Maurice G. McCormick.
ALLEN, Judge.
This is an appeal from a summary final judgment in a negligence action. Peter M. Vihon sued Maurice G. McCormick and Leslie Y. Ford for the death of plaintiff's wife which resulted when defendant Ford's car, in which decedent was a passenger, collided with defendant McCormick's car at an intersection in St. Petersburg. The trial judge entered a summary final judgment in favor of both defendants, and plaintiff appeals.
The accident occurred at about 1:30 A.M. on February 24, 1957. McCormick was going west on Fifth Avenue North in St. Petersburg, and Mrs. Ford was going south on Forty Ninth Street North, with decedent, her sister, riding as a passenger in the front seat. A blinking yellow light controlled 5th Avenue traffic and a blinking red light controlled 49th Street traffic. No obstacles blocked either driver's vision.
When McCormick, whose car was going between twenty-five and forty-five miles per hour, was forty or fifty feet from the intersection, he saw Mrs. Ford's car about a half block from the intersection. Assuming that either she would stop or he would pass through the intersection before she reached it, McCormick continued on into the intersection. When he saw that she was not going to stop, it was too late to do anything to avoid a collision.
Mrs. Ford, whose car was going between twenty-five and thirty miles per hour, approached the intersection, slowed but did not stop, looked and saw no approaching cars, and continued into the intersection, increasing her speed after looking. She suddenly saw McCormick's car directly in the path of her car, but it was too late to avoid a collision.
The front of Mrs. Ford's car, a Buick sedan, struck McCormick's car, a Plymouth, two door convertible, between the right front wheel and the rear of the right door. McCormick's car spun around and came to rest facing east near the north-west corner of the intersection. Mrs. Ford's car also skidded around, coming to rest facing north on the south side of the intersection.
Mrs. Ford and her sister, professional entertainers, were returning home from a social gathering of such entertainers. McCormick was returning home from a date.
Apparently, Mrs. Ford and her sister discussed the significance of a blinking, red traffic light just before the accident. Also, decedent supposedly expressed confidence in Mrs. Ford's ability as a driver during the conversation. As to the traffic light, both ladies apparently thought it meant to "slow down, not stop."
The speed limit on 5th Avenue was thirty-five miles per hour, and the limit on 49th Street was twenty-five miles per hour. Also, St. Petersburg ordinances provide that a blinking red light requires a driver to stop before proceeding, and a yellow, or amber, light requires a driver to drive with caution, slowing or stopping if conditions warrant or traffic requires.
Plaintiff raises five questions on appeal. Two attack the trial judge's entry of summary judgment for defendant Ford, two attack entry of summary judgment for defendant McCormick and one attacks the propriety of charging costs against plaintiff.
*402 As to entry of summary judgment for defendant Ford, driver of the car in which plaintiff's wife was riding as a guest passenger, suffice it to say that, from the facts appearing in the record, we hold the trial judge properly entered a summary judgment for defendant Ford. Section 320.59, Fla. Stat. 1955, F.S.A.
However, as to the summary judgment for defendant McCormick, we conclude that the trial judge must be reversed. Entry of summary judgment requires that there is no genuine material issue of fact and it also requires that there are no inferences which a jury may properly draw which would preclude a summary judgment for the moving party. As said by the Supreme Court in Weber v. Porco, Fla. 1958, 100 So.2d 146, on page 148:
"* * * While summary judgment proceedings have done much when properly employed to expedite the disposition of litigated causes, we have consistently adhered to the proposition that when the depositions or affidavits submitted in support of a motion for summary judgment suggest a factual conflict or present a situation on which a jury might properly draw varied conclusions from the record presented, then it is not proper to grant a summary judgment * * *."
In outlining the facts in this case, above, we recited that defendant McCormick was driving between twenty-five and forty-five miles per hour. This variation is based upon the conflict between a deposition and affidavits in the cause. Defendant McCormick and one other witness stated McCormick's speed was between twenty-five and thirty miles per hour. However, another witness stated that McCormick's speed was between forty and forty-five miles per hour. Since the applicable municipal ordinance provided a thirty-five mile per hour speed limit for the street upon which McCormick was traveling, it is apparent that a jury might find him guilty of negligence through excessive speed
Defendant McCormick placed great weight upon certain photographs of the accident scene, contending that such photographs support the summary judgment in his favor. A recent case by the Third District Court of Appeal aptly pointed out the danger of placing too much emphasis upon photographs during hearing on a motion for summary judgment. In Pividal v. City of Miami, Fla.App. 1958, 105 So.2d 502, 504, the court had before it a negligence case in which plaintiff was suing for damages suffered when she fell while alighting from a city bus. Certain photographs were filed in the cause, the parties having stipulated that such photographs reflected the conditions existing at the time of the accident. On appeal from a summary judgment for defendant, the court said:
"A careful review of the record reveals no material admission, other than the photographs, upon which a finding of contributory negligence as a matter of law could be made. Photographs may be used as a basis for a summary judgment but if reasonable men might justifiably make different inferences and deductions and reach different conclusions from certain photographs, then it is the province of the jury to make such deductions and inferences."
After a careful review of the record in this case, we are led to the conclusion that there are genuine issues of material fact and circumstance from which a jury might properly draw varied conclusions as to defendant McCormick's alleged negligence, the alleged contributory negligence of plaintiff's deceased wife, and the proximate cause of such negligence, all of which prohibits entry of summary judgment for defendant McCormick. Weber v. Porco, supra, 100 So.2d 146; Warring v. Winn-Dixie Stores, Inc., Fla.App., 105 So.2d 915, 918.
We deem it appropriate, having cited Warring v. Winn-Dixie Stores, Inc., supra, to state that the law propounded therein *403 was most presuasive in the determination of the present case. In the Warring case, Paul D. Barns, Justice of the Supreme Court of Florida, Retired, sitting as Associate Judge on the District Court of Appeal, Third District, presented a lucid discussion of the burden assumed by a party who moves for a summary judgment as contrasted to the effect of a motion for directed verdict at the conclusion of plaintiff's evidence during trial, as follows:
"Motion for directed verdict and motion for summary judgment, compared: Both motions give rise to questions of law. Whether the motion be for a directed verdict or for a summary judgment the movant not only admits the basic facts established which are favorable to the adverse party, but also every conclusion or inference favorable to the adversary that might be reasonably inferred from the evidence.
"When at trial, the facts established fail to show, under applicable principles of substantive law, that the plaintiff is entitled to any relief within the scope of the pleadings, defendant's motion for a directed verdict may properly be granted because the plaintiff has not sustained the burden imposed upon him of making such a showing and there is no genuine issue of a material fact that ought to be tried by the jury.
"When the facts established on defendant's motion for a summary judgment clearly show there is no genuine issue of any material fact, then, the court may pierce the `paper-issues' made by the pleadings and render judgment on the merits for the defendant, because of the want of any genuine issue as to any material fact; but upon failure to show the absence of any genuine issue as to all material facts, the defendant has not sustained the burden and the defendant's motion should be denied. A clear showing by the movant for a summary judgment of the absence of such issues is essential and the absence of genuine issues is not made evident by the absence of an affirmative showing, except as to presumptions and matters of which the court may take judicial notice."
Finally, as to assessment of costs, plaintiff concedes that the trial court should be reversed only if reversal of either or both of the summary judgments was necessary. Therefore, we affirm such assessment as to defendant Ford. Of course, our reversal as to defendant McCormick carries with it a reversal of the assessment of costs against plaintiff as to said defendant.
Affirmed in part and reversed in part.
KANNER, C.J., and SHANNON, J., concur.