PER CURIAM.
Pursuant to prior order of this court, the above cases were consolidated for the purpose of preparing and filing of record on appeal, briefing and oral argument.
The appellant filed these actions as plaintiff against the appellee, Paul M. Crow, Jr., as the driver of a truck owned by the appellee, Florida Power & Light Company, seeking damages as a result of an intersection accident. The trial court granted the defendants’ motions for summary judgments, and a review of these judgments is sought by this proceeding.
The accident in question occurred from the following circumstances: The vehicle in which the plaintiff was riding as a guest passenger was travelling south, approaching an intersection which required his host-driver to stop. This intersection was marked by a flashing red light and customary stop sign. The host-driver did not stop and proceeded through the intersection, when he struck the truck owned by the power company and operated by the defendant Crow, which vehicle had been travelling in an easterly direction on a through street, although the intersection was marked with a flashing caution light. The Metropolitan Code of Dade County, § 407-2, provides that drivers of vehicles may proceed through an intersection marked by such a signal only with caution, and it has a further Ordinance, 13.02, in reference to special hazards which reads as follows:
“The fact that the speed of a vehicle is lower than the lawful limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection * * * ”.
The speed limit for both parties was 30 miles per hour, and the testimony was that the vehicle in which the plaintiff was riding was travelling between 30 and 40 miles per hour, and the truck, which was being operated by the defendant Crow, at a speed between 25 and 40 miles per hour. It is apparent from the record that the defendant Crow did not decrease his speed, and a jury, under the evidence, could have found that the defendant Crow was exceeding the speed limit, which would be prima facie evidence of reckless driving. Bryant v. City of Tampa, Fla.App.1958, 100 So.2d 665. The defendant Crow testified that he did not see the vehicle in which plaintiff was riding, until immediately prior to the impact. The evidence indicates that the view of the respective drivers of the vehicles at the intersection was unobstructed, and each should have been able to see the other.
 The trial court found, as a matter of law, that the defendants were entitled to a judgment. Plaintiff, appellant here, contends that the negligence of his host-driver may not be imputed to him. This point is well taken. See: Abrams v. Gresham, et *11 al., Fla.App.1961, 131 So.2d 207. The appellant further contends that it was a jury-question as to whether or not the defendant Crow, as the driver of the truck approaching an intersection with a flashing caution light, was negligent in admittedly not decreasing his rate of speed, and urges that this case must he reversed on the authority of Vihon v. McCormick, et al., Fla.App. 1958, 109 So.2d 400. This contention seems to be amply supported by the cited case. The facts are almost identical, the only distinction being that in the cited case the driver of the vehicle, in a similar position to Crow, testified that he saw the oncoming vehicle and expected it to stop; whereas the defendant Crow, in these proceedings, testified that he did not see the vehicle in which the plaintiff was riding, which is not a sufficient distinction to prevent its applicability to this case.
Therefore, for the reasons stated, the summary judgments were improperly entered and this cause is reversed with directions to submit the issues made by the pleadings to a jury.
Reversed with directions.