151 So.2d 838 (1963)
Roger M. CASH, Appellant,
v.
Harriette A. GATES and Harley D. Gates, and Walter Adams and Behring Construction Company, a Florida Corporation, Appellees.
No. 3044.
District Court of Appeal of Florida. Second District.
February 6, 1963.
Rehearing Denied February 27, 1963.
*839 Charles A. Nugent, Jr., of Miller, Cone, Owen, Wagner & Nugent, West Palm Beach, for appellant.
S.H. Adams of Jones, Adams, Paine & Foster, West Palm Beach, for appellees Adams and Behring Construction Company.
SHANNON, Chief Judge.
Appellant, plaintiff below in this wrongful death action, seeks review of a final judgment non obstante veredicto entered in favor of defendants, Adams and Behring Construction Company, following a jury verdict in favor of plaintiff-appellant against all four defendant-appellees. Walter Adams and Behring Construction Company are the only appellees participating in this appeal.
At about 11:00 A.M. on June 20, 1960, plaintiff's wife was riding in a 1960 Corvair automobile being driven by Defendant Harriette Gates in Pompano Beach, Florida. The weather was overcast or cloudy and the pavement apparently was wet.
The Corvair was traveling south on U.S. 1, a four-lane arterial highway, the north and south bound lanes of which are separated by islands, and was in the process of turning left into Northeast Sixth Street, a paved, two-lane street, when it was struck by a truck being driven by Defendant Adams and which was owned by Defendant Behring Construction Company.
The intersection was controlled by a traffic light which had turned green in favor of the truck when it was at least 40 or 50 feet south of it. Defendant-truckdriver, who was going 20 or 25 miles per hour, continued at that speed into the intersection *840 when the light changed. He apparently did not decrease his speed as he approached the intersection and he testified that he first saw the Corvair when it was 3 or 4 feet from him, at which time he applied the truck's brakes. No obstacle or obstruction blocked the vision of either driver.
Complaint was filed against the four defendants, charging Defendant Harriette Gates with gross negligence and Defendant-truckdriver Adams with negligence. The cause came on to jury trial and a verdict of $30,000.00 in favor of plaintiff was returned against all four defendants. Defendants Adams and Behring Construction Company then moved for a new trial or for directed verdict on reserved ruling. The trial judge denied the motion for new trial, granted the motion for directed verdict, and, on December 6, 1960, entered judgment non obstante veredicto for Defendants Adams and Behring Construction Company. This appeal is from the latter order, so that in the present posture of the case, plaintiff is left with a $30,000.00 verdict against Defendants Gates.
At the outset we shall discuss some of the well established principles governing appellate review of the granting of a directed verdict after the entry of the jury's verdict, since both of the appellant's points assert error in this respect.
The party moving for a directed verdict admits not only the facts established by the evidence but also every conclusion favorable to the adverse party that a jury might reasonably infer from the evidence. It is frequent in negligence cases that the record contains evidence from which reasonable men often derive conflicting conclusions. In these cases then, unless the evidence as a whole, with all reasonable deductions to be drawn therefrom, points to one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury or in setting aside the jury's determination on conflicting evidence and substituting therefor his own evaluation of the evidence. Alessi v. Farkas, Fla.App. 1960, 118 So.2d 658; Nelson v. Ziegler, Fla. 1956, 89 So.2d 780. In the instant case, however, we are of the opinion that the judge below correctly concluded that there was no evidence from which the jury could reasonably find or infer that the defendant, Walter Adams, was guilty of negligence which proximately caused or contributed to the accident in question.
Appellant contends that Defendant Adams violated a city ordinance of the City of Pompano Beach; that the violation proximately contributed to the accident; and that therefore such evidence was sufficient to be submitted to the jury. The ordinance in question is an adaptation by the City of Pompano Beach of Sec. 186.78 of the Model Traffic Code, Fla. Stat.F.S.A., which was introduced into evidence below, and reads:
"The fact that the speed of a vehicle is lower than the prescribed limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazards exist or may exist with respect to pedestrians, or other traffic or by reason of weather or other roadway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the street in compliance with legal requirements and the duty of all persons to use due care."
In urging that Defendant Adams violated the above ordinance, appellant relies quite heavily upon the recent case of Harvey v. Florida Power & Light Company, Fla.App. 1962, 136 So.2d 9, a per curiam opinion by the Third District Court of Appeal. In that case, however, the evidence showed that the defendant was operating his truck at a speed of between 25 and 40 miles per hour in a 30 mile per hour speed limit zone. In reviewing this evidence in relation to a *841 section of the Metropolitan Code of Dade County, which is very similar to the ordinance drawn into question here, the court found it apparent from the record that the defendant did not decrease his speed and that a jury under this evidence could have found that the defendant was exceeding the speed limit. The establishment of this inference then would be prima facie evidence of reckless driving. The court then went on to reverse the entry of a summary judgment for the defendant on the authority of Vihon v. McCormick, Fla.App. 1958, 109 So.2d 400.
It is noted, however, that the Vihon case, supra, does not stand for the proposition that failure to decrease speed, under an applicable ordinance, when approaching or crossing an intersection, is prima facie evidence of negligence. Rather, the court in the Vihon case found it apparent from the record therein that a jury might find the defendant guilty of negligence through excessive speed.
In our opinion, therefore, the above quoted ordinance of the City of Pompano Beach does not require that a driver decrease his speed in every instance when approaching and crossing an intersection. By its very language this ordinance imposes upon a driver no more than the duty of reasonable care in approaching and crossing an intersection, and in the other situations set out therein, to avoid a collision with a pedestrian or another vehicle which may be entering the street in compliance with legal requirements. Therefore, no prima facie evidence of negligence on the part of Defendant Adams was established, it being clear from the record that the traffic law in question had not been violated.
There is no dispute in the instant case with regard to the evidence adduced below, which tends to show no negligence on the part of Defendant-truckdriver Adams. To reiterate, he was operating his vehicle at a speed of not more than 25 miles per hour, which was, in the area in question, the lawful maximum speed limit. The traffic light controlling the intersection changed from red to green in favor of Adams when he was no closer than 40 to 50 feet south of the intersection. Defendant Adams testified upon cross-examination that he did not observe the car in which plaintiff's decedent was riding as a passenger until it was some 3 or 4 feet from him. He then stated that just prior to his first observation of the Gates vehicle he was looking straight ahead down the street in the direction in which he was proceeding. From this evidence, therefore, it is our opinion that the hereinbefore quoted ordinance cast no duty upon the defendant, Adams, to reduce his speed, which was at all times within the lawful maximum limit.
Upon review of the evidence, therefore, we conclude, as did the court below, that there is no evidence from which the jury could reasonably find or infer that Defendant Walter Adams was guilty of negligence which proximately contributed to the accident in question.
Affirmed.
ALLEN and SMITH, JJ., concur.