BARKDULL, Chief Judge.
This case involved an intersection accident between two automobiles. The evidence was in conflict. The jury resolved these conflicts in favor of the ap-pellee, both on the original complaint against him and on his counter claim against the appellant. The jury verdict arrived in this court with a presumption of correctness. See: Tampa Transit Lines v. Rodriguez, Fla.App.1958, 100 So.2d 676; Foute v. Maule, Fla.App.1962, 143 So.2d 563. The burden to demonstrate error is upon the appellant. See: Green-Mar Builders, Inc. v. Pearlman, Fla.App.1959, 109 So.2d 601; DiVosta v. Boam Corp., Fla. App.1959, 110 So.2d 42. No error having been demonstrated, the final judgment should be affirmed.
In addition to urging error in the jury’s verdict, the appellant contends that the trial judge should not have allowed the copy of certain traffic ordinances into evidence, citing as authority the case of Cash v. Gates, Fla.App.1963, 151 So.2d 838. No error has *566 been made to appear in this regard, in that the case at bar differs from the cited case in that the evidence in this cause was in conflict as to the color of the traffic light, as to the speed of appellant’s car, and as to which of the automobiles was the first one in the intersection. The jury having resolved these conflicts adversely to the appellant, the inference is that the appellant failed to decrease his speed sufficiently to bring his vehicle to a stop in the face of a red light, when the appellee’s car had been the first to enter the intersection. Therefore, the principles announced in the case of Cash v. Gates, supra, are inapplicable. The judgment is affirmed.
Affirmed.