PER CURIAM.
Plaintiffs appeal a final judgment entered on directed verdict for the defendant at the conclusion of plaintiffs’ case in a negligence action. The case was submitted on testimony supplementing an agreed statement which reads as follows:
“On October 16, 1961, at 7:55 P.M., in the City of Clearwater, the Defendant, Elder Armster, was traveling east on Drew Street, in a 1961 four-door Cadillac Sedan owned and operated by him. With him were his wife, Iva Armster, and three passengers, Naomi Edwards, Gertrude Fowler and Augustus Fowler.
“The Plaintiff, Anna Pahucki, was operating a 1956 four-door Chevrolet Sedan, owned by her husband, Barney Pahucki. Mrs. Anna Pahucki, the Plaintiff, had picked up her daughter, Delores Pahucki, at 1884 Drew Street, and her vehicle was located in the private parking area on the north side of Drew Street.
“Drew Street is a four lane paved road, 39' 3" wide, with two lanes running east and two lanes running west. These east-west lanes are separated by double yellow lines. The street is illuminated by street lights and is a business area. Driveways lead from the parking area to Drew Street. The roads were dry and the sky clear.
“The Plaintiff’s vehicle entered Drew Street from the north side, crossing the west bound lanes and proceeded to make a left turn into the east bound lane closest to the center line. The Defendant was traveling east on Drew Street as the Plaintiff’s vehicle entered Drew Street. The Defendant applied his brakes but the left front fender of the Defendant’s vehicle struck the right rear fender and door of the Plaintiff’s car, causing Plaintiff’s car to swerve to the left and to the right, coming to a stop, facing southeast in the east lanes of Drew Street. Defendant’s vehicle came to a stop facing southeast in the east bound lanes of traffic.
“The Plaintiff charges the Defendant with liability for this accident by reason of his careless operation of his vehicle, claiming that the Defendant was traveling at an excessive rate of speed, failed to have his vehicle under proper control, and did change lanes of traffic prior to the collision. The Plaintiff further claims that the De *721 fendant had time to avoid the collision, but did not do so.
"The Defendant denies liability for the accident by denying that he changed lanes; that he did not have his vehicle under control; and was traveling at an excessive rate of speed, and further claims that the Plaintiff entered the street from a private road, seeing and knowing of the Defendant’s approaching vehicle, thus causing the collision. Defendant further states that at the time of the entrance of Plaintiff’s vehicle into the flow of traffic, there was no possible way for the Defendant to avoid the accident.
“The Plaintiff, Barney Pahucki, the owner of the vehicle, is claiming property damage in the amount of $380.00, as well as damages for injury to his daughter, Delores Pahucki, and loss of comfort and services of his wife, Anna Pahucki, as a result of the accident. The Plaintiff, Anna Pahucki, is claiming damages for injuries sustained by her as a result of the accident.
“The Defendant, Elder Armster, admits the property damage to the Plaintiff’s Barney Pahucki car, in the amount of $380.00, but denies that he is liable therefor. The Defendant further denies liability for this accident and for damages or injuries suffered by any of the Plaintiffs by reason of this accident.
“The questions for you, the jury, to decide in this matter are simple:
“1. Were the acts alone of the Defendant, Elder Armster, the cause of the accident?
“2. Were the acts of the Plaintiff, Anna Pahucki, the cause of the accident?
“3. Did the acts of the Plaintiff, Anna Pahucki, materially contribute to the cause of the accident?
“4. Even if the acts of the Plaintiff Anna Pahucki, materially contributed to the cause of the accident, was the defendant, Elder Armster, able to avoid the accident?
“If the Defendant was the sole cause of the accident, then you must find for the Plaintiff. If the Plaintiff materially contributed to the cause of the accident, you must find for the Defendant, unless the doctrine of Last Clear Chance applies, and he could have avoided the accident thereby.
“If you, the jury, find for the Plaintiff, it is for you to decide to what extent the Plaintiffs were injured as a result of the accident, and what sum would reasonably compensate for the injuries and damages sustained as a result of the automobile accident.”
On the issue of liability, the plaintiffs-produced three witnesses. The investigating motorcycle patrolman testified that the-collision occurred at dark on a poorly lighted section of Drew Street in a business district; that the weather and the pavements-were clear and dry; and that Drew Street is straight and free from curves at the point in question. The officer further testified that skid marks were left by both vehicles ; that defendant’s car left 60 feet of solid skid marks from all four wheels in a straight line veering only six inches at the point of impact; and, that the plaintiff’s vehicle left skid marks when sliding sideways as it was pushed by defendant’s vehicle. He estimated that the plaintiff’s vehicle was pushed 90 to 100 feet after impact. He further testified that he was in that area because traffic was heavy on Drew Street that night.
Plaintiff Anna Pahucki testified that she had picked up her daughter and companion from their dancing class and the three sat together on the front seat; that she stopped at Drew Street and waited about five minutes before turning because the traffic was heavy; that when there were no west bound cars coming she turned left or east *722 onto Drew Street; that there were vehicles traveling east on Drew but these were some distance away and were all in the right or south lane next to the curb, no vehicle being in the inside lane; that as she crossed the two west bound lanes and turned into the left or east bound lane, she saw in her mirror the lights of a vehicle coming up behind her and that this vehicle struck her from the rear; that when the vehicles came to a stop she got. out and noted that the defendant’s left turn signal was blinking. The witness stated that her headlights were on.
Witness Gerald Patton, son of the owners of the dance studio which plaintiff driver had just left, testified for the plaintiff that he saw her automobile when it entered Drew Street; that two vehicles were traveling east on Drew Street; that both of said vehicles were in the south or right hand lane; that as plaintiff turned out, “one car went on by and the other car was coming into the next lane” — the north or inside east bound lane — and that there was a wreck.
“Q And did the Cadillac change its lane in any way from the time it started to put its brakes on?
“A Yes, it was in both lanes — I mean in a northeasterly direction.”
On cross and redirect examination the witness stated that the defendant pulled over from the southern into the northern east bound lane about the same time plaintiff turned into the latter lane.
In Cash v. Gates, Fla.App.1963, 151 So.2d 838, the considerations to be observed in passing upon motions for directed verdict are summated as follows at page .840:
“The party moving for a directed verdict admits not only the facts established by the evidence but also every conclusion favorable to the adverse party that a jury might reasonably infer from the evidence. It is frequent in negligence cases that the record contains evidence from which reasonable men often derive conflicting conclusions. In these cases then, unless the evidence as a whole, with all reasonable deductions to be drawn therefrom, points to one possible conclusion,, the trial judge is not warranted in withdrawing the case from the jury or in setting aside the jury’s determination on conflicting evidence and substituting therefor his own evaluation of the evidence. Alessi v. Farkas, Fla.App. 1960, 118 So.2d 658; Nelson v. Ziegler, Fla.1956, 89 So.2d 780.”
See also Rofer v. Jensen, Fla.App.1962, 141 So.2d 791, 793-794; Sandford v. Firestone Tire and Rubber Co., Fla.App.1962, 139 So.2d 916.
Granting the difficulty of the question before the court in the trial below, we do not think that as a matter of law any and all reasonable factual conclusions which might be drawn from the evidence would necessarily be adverse to the plaintiffs. In view of the strictures on judicial authority in dealing with normally jury questions, we are constrained to hold that the issue of liability should not have been decided for the defendant by directed verdict at the conclusion of the plaintiffs’ case.
Reversed.
WHITE and KANNER (Retired), JJ., and FARRINGTON, OTIS L., Associate Judge, concur.