PER CURIAM.
The plaintiffs appeal a judgment entered on a directed verdict for defendants after declaration of mistrial following inability of the jury to reach a verdict in a personal injury case. The defendants cross assign error, contending that the trial court should have entered summary judgment on a previously interposed motion of the defendant.
The record shows that plaintiffs, father and minor son, sued for damages allegedly arising from injury negligently inflicted upon the minor plaintiff while a patient in the defendant hospital. Plaintiffs alleged that the minor plaintiff was hospitalized while suffering from a degenerative bone disease which made his left leg particularly susceptible to fracture; that the defendant hospital had notice of this condition; that the leg was placed in traction to avoid movement or trauma; that at 9:00 in the forenoon of August 6, 1959 an employee of defendant hospital, in the course of her duty as nurse and while attempting to change the bed linen, pulled the sheets from under the minor plaintiff in such negligent manner as to cause his body to twist with resultant fracture of the left femur; that the fracture was discovered some time after 3 :30 P.M. of the same day when, at the insistence of minor plaintiff’s mother, a doctor made an examination and caused X rays to be taken.
The defendants denied negligence, alleged contributory negligence and counterclaimed for unpaid amounts due the hospital. Thereafter, submitting the deposition of the minor plaintiff, the defendants moved for summary judgment, which was denied. The case proceeded to trial, and the defendants moved for a directed verdict at the close of plaintiffs’ case and at the close of all the evidence. The court reserved rulings and the case was submitted to the jury which, after deliberation, announced a hopeless deadlock. Thereupon the court declared a mistrial. The defendants then renewed their motion for directed verdict which was granted. New trial was denied, and the latter two actions of the court are assigned as error on this appeal by the plaintiffs. The defendants have cross assigned as error the denial of their motion for summary judgment and the allowance of a certain counter affidavit in considering said motion. These cross assignments are found to be clearly without merit and we limit our treatment of the case to the point raised by the plaintiffs.
The evidence discloses that the minor plaintiff was confined to bed in the defendant hospital; that because of its susceptibility to breaking, the patient’s leg was placed in traction to avoid any movement that would cause a break; that this was known to the hospital authorities; that a hospital nurse, proceeding alone without professional assistance to change the bed *551 linen on the patient’s bed, apparently-caused the boy’s body to shift or twist, and the boy evinced great pain, screaming, “You broke my leg” — which was attested by two other witnesses who were also patients in the ward.
The plaintiffs assert that the evidence to the foregoing effect sufficiently posed a jury question as to the merits of their complaint. The defendants, contrarily, note certain evidence which suggests that the boy’s leg may have been broken before the nurse changed the bed linen. They introduced testimony that the boy was in pain the night before the linen was changed and that he had been given medications for alleviation of pain. A Doctor Phaff testified in effect that the described symptoms of the patient could be consistent with either version or view as to the time of the breaking.
In the circumstances outlined by the evidence, we think a jury might reach the permissible conclusion that the defendant’s employee, in changing the sheets, did exercise reasonable care. On the other hand a contrary conclusion might not be untenable, — for example, a finding of mishandling of the change of sheets as the cause of the breakage which could have been avoided if an orderly or other trained i '.rsonnel had been furnished to assist in the delicate undertaking.
It thus appears that there was evidence from which opposing inferences could be drawn by the trier of facts, and we are constrained to hold that neither of such alternatives should be judged unreasonable as a matter of law. See Rofer v. Jensen, Fla.App.1962, 141 So.2d 791; Sheehan v. Frith, Fla.App.1962, 138 So.2d 76; Pahucki v. Armster, 161 So.2d 719, Fla.App. 2nd Dist., and decisions of like import. The instant case accordingly should be reset and tried again.
Reversed and remanded.
WHITE and KANNER, (ret.), JJ., and McLANE, RALPH M., Associate Judge, concur.