PER CURIAM.
The appellants seek review of an adverse final judgment rendered upon a jury’s verdict in the trial court. The appellant corporation instituted an action to recover damages against the appellee in connection with a contract for the performance and installation of certain work upon a vessel. The defendant filed a counterclaim against the original plaintiff and a cross-claim against the appellant, Carlos Garcia, The matter being at issue, the cause was duly submitted to a jury which rendered a verdict in favor of the appellee on his cross and counterclaims and against the appellant corporation on its original cause of action.
The parties have preserved two points on appeal for review by this court, to wit: (1) that the court erred in giving and refusing to give certain instructions relating to-personal liability of the appellant, Garcia,, and (2) that the court erred in permitting into evidence testimony relative to the oral agreement.
We reject the contentions by the-appellants and find no error in the record. The verdict and judgments rendered thereon arrived in this court with a presumption of correctness. See: Fuote v. Maule, Fla.App.1962, 143 So.2d 563; Lemay v. Garcia, Fla.App.1964, 164 So.2d 565. It was incumbent upon the appellants to demonstrate-error. See: Green-Mar Builders, Inc. v. Pearlman, Fla.App.1959, 109 So.2d 601; DiVosta v. Boam Corp., Fla.App.1959, 110 So.2d 42; Lemay v. Garcia, supra. Examining the record in light of these principles, we fail to find that the court erred in-either refusing to give or giving the instructions because it is apparent, from the record, that the instructions did or did not properly apprise the jury of the evidence that had been presented to them. The-principal thrust of the individual appellant’s, argument as to these instructions was that it had indicated a potential total liability for the entire contract, both for that provided for in the written agreement and that alleged to be due under the oral agreement. Concededly, the evidence would have supported the verdict of individual liability on the written agreement and, therefore, no- *463 error is found in the trial court’s giving or refusing to give the complained of instructions, particularly in view of the fact that the appellants failed to tender any other instruction which would have been proper in light of the evidence adduced.
The contention of the appellants, relative to the permitting into evidence of testimony of the alleged oral agreement, is found to be not well taken in light of the documented evidence before the jury, which indicated work beyond the terms and scope of the written contract which was ordered [subsequent to the written contract] at the request of the individual appellant after the work commenced pursuant to the written contract.
Therefore, for the reasons stated, the judgment here under review is hereby affirmed.
Affirmed.