PER CURIAM.
The several defendants appeal from a final judgment based on a jury verdict in the amount of $30,000 for the plaintiff in a personal injury case involving an automobile accident.
Plaintiff, Hattie Mae Jackson, was a paying passenger in a car driven by defendant Pope and owned by defendant Riley. A truck driven by defendant McBryde and owned by defendant Oolite Industries was traveling East in the oncoming traffic lane. The truck made a left hand turn at an intersection in front of the Riley car. The Riley car turned to the left to avoid hitting the truck and collided with a third vehicle traveling directly behind the truck.
An investigating officer arrived at the scene after the accident. At trial he gave his opinion of how the accident occurred. The defendants’ objections to this testimony were sustained. At the close of plaintiff’s case the defendants Oolite and McBryde were permitted over the objection of co-defendants Riley and Pope to read an ordinance to the jury dealing with a driver’s duty to slow down at an intersection under certain circumstances.
*626 On appeal, the defendants Oolite Industries and McBryde, claim that the trial court erred in denying their motion for a new trial “in the face of a record replete with hearsay testimony and allusions thereto by counsel for other defendants and counsel for plaintiff”. We have examined the grounds raised in support of this point and observe that the trial judge sustained each of the objections made to the “hearsay” testimony and instructed the jury to disregard any improper references to a third vehicle; i. e. the Oolite truck driven by McBryde. Cf. Powell v. State, 93 Fla. 756, 112 So. 608 (1927); and 23 Fla.Jur. New Trial § 23.
Assuming arguendo, that error was committed in admitting the “hearsay” evidence we find it to have been harmless. See § 59.041, Fla.Stat. F.S.A.; Sea Crest Corporation v. Burley, Fla.1949, 38 So.2d 434; 5 Am.Jur.2d Appeal & Error, § 800; and 5A C.J.S. Appeal & Error, § 1716.
Plaintiff, Jackson, argues that defendants Riley and Pope may not raise the denial of their motion for a directed verdict as reversible error in this appeal. See Gulf Heating & Refrigeration Co. v. Iowa Mut. Ins. Co., Fla.1967, 193 So.2d 4 and 6551 Collins Avenue Corp. v. Millen, Fla.1958, 104 So.2d 337. Assuming arguendo, that this point may be raised on appeal we have reviewed the evidence and find no error in the denial of the motion of Riley and Pope for a directed verdict at the close of plaintiff’s case. Cf. Ruth v. Sorensen, Fla.1958, 104 So.2d 10. There was sufficient factual evidence and reasonable inferences presented to require a jury to determine the issues involved. See Mullis v. City of Miami, Fla.1952, 60 So.2d 174; Katz v. Harrington, Fla.App.1969, 226 So.2d 11; and Stanek v. Houston, Fla.App.1964, 165 So.2d 825.
No error has been clearly demonstrated in the claim of Riley and Pope that the trial judge erroneously permitted their co-defendants to read the Dade County Traffic Ordinance to this jury. See Jackson v. Florida Weathermakers, Fla.1952, 55 So.2d 575; and Harvey v. Florida Power & Light Company, Fla.App.1962, 136 So.2d 9.
The final judgment is
Affirmed.