PER CURIAM.
The issue before the court in this case is whether or not the trial court erred in permitting the attorney for the plaintiff to use for impeachment purposes a written statement made by the defendant Hall to an investigating officer from the Florida Highway Patrol shortly after the highway accident which gave rise to this litigation.
The plaintiff in this case, Thomas Haldane, filed a complaint in the Circuit Court for Palm Beach County, Florida, alleging injuries by reason of the negligent driving of defendants Hall and Martin of two separate vehicles. The evidence indicates that Hall and Martin were driving trucks owned by Commercial Carriers Corporation, the other defendant. Hall was proceeding north on U.S. Highway 27 toward the City of South Bay, Florida. Martin was driving a similar vehicle in the same direction following Hall. Plaintiff, Haldane, was driving south on the same highway. An impact occurred on the west side of the road between the vehicle operated by Martin and the vehicle operated by Haldane. More detail as to the circumstances of the accident is not material to the issue.
Hall was called as an adverse witness for the plaintiff. He testified that at no time before the accident did he see Haldane cross the center line of the highway. Although this would appear to have been a favorable statement for the plaintiff, plaintiff’s counsel proceeded to impeach Hall by showing over objection of defense counsel that Hall had made a prior inconsistent statement to an investigating police officer shortly after the accident occurred.
On appeal it is the position of the appellants that the use of this statement for impeachment purposes violated the privilege accorded accident reports by Section 317.-171, F.S.1967, F.S.A., and reversible error occurred when the trial court overruled defendants’ objection to the use of the statement by plaintiff. While we are of the opinion that the trial court did err in permitting the plaintiff’s attorney to use this statement, we hold that such error was harmless in view of the fact that evidence of the statement given by defendant Hall to the highway patrolman was cumulative. *405 A similar written statement which was properly admitted in evidence had been given by defendant Hall to his own employer shortly after the accident. This statement described in far more detail than the statement which was improperly used the factual point on which the impeachment rested. Compare Sea Crest Corporation v. Burley, Fla.1949, 38 So.2d 434 and Williams v. Scott, Fla.App.1963, 153 So.2d 18.
The appellants have raised two other points on appeal. We have reviewed these points and conclude that they are without merit and do not require discussion.
The judgment appealed from is affirmed.
Affirmed.
REED, C. J., and MAGER, J., concur.
WALDEN, J., dissents, with opinion.