308 So.2d 552 (1975)
Marvin Lynn HUGHES, Sr., Appellant,
v.
CANAL INSURANCE COMPANY, a South Carolina Corporation, Doing Business in Florida, Subrogee of Moore Meats, Inc., and Moore Meats, Inc., Appellees.
No. 74-240.
District Court of Appeal of Florida, Third District.
February 25, 1975.
Cone, Wagner, Nugent, Johnson & McKeown and Larry Klein, West Palm Beach, for appellant.
Sherouse, Virgin, Whittle & Slatko and Gary E. Garbis, Miami, for appellees.
Before BARKDULL, C.J., HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
This is an appeal by Marvin Lynn Hughes, Sr., the defendant/counter-plaintiff *553 below, from a final judgment entered pursuant to an adverse jury verdict.
The appellant's only point on appeal suggests that the trial court erred in permitting a lay witness, one DeWayne D. Free, to offer opinion testimony that there was sufficient distance between the two vehicles involved in this case for the appellees' tractor-trailer truck to complete a left-hand turn without causing an accident.
For reasons to follow, we hold that no reversible error has been demonstrated.
The accident from which this litigation evolved occurred within the city of Chiefland, in Levy County, Florida, on November 28, 1971.
The mishap took place on State Road 55, the main roadway in Chiefland consisting of four-lanes, two running northerly and two in a southerly direction.
The time of the accident was estimated at approximately 7:30 P.M. It was almost dark. In addition, the road was wet due to rainfall.
The evidence at trial also established that the road is well-lighted with high-velocity type street lights, and that in the area where the accident happened the roadway is straight and flat, and on the night of the accident visibility was not significantly impaired.
The appellant, Hughes, testified that he and his son were proceeding southerly in their pickup truck on State Road 55, headed for New Port Ritchie, Florida. They had left Memphis, Tennessee, at approximately 5:00 A.M. the same morning, and except for stops to eat and refuel, he and his son had driven all day.
The record shows that Mr. Free and his wife were eyewitnesses to the accident, as they were seated in their vehicle in a truck stop west of the highway.
From their deposition testimony offered by the appellees at trial and from the testimony of the investigating police officer, we think the jury properly could conclude that the accident occurred in the following manner:
The appellees' tractor-trailer truck, heading north on State Road 55, attempted to make a left-hand turn into the truck stop. In so doing, the appellant's pickup truck collided with the rear-wheels of the truck, in the outermost, southbound lane of the road farthest away from the median strip of the street.
In sum, we think the record amply supports a jury conclusion that when the collision took place the appellees' vehicle had virtually completed its left turn into the truck stop.
In addition, Mr. and Mrs. Free testified without objection from their depositions that Hughes could have safely swerved his car into the innermost southbound lane of traffic, and that there was nothing which impeded him from doing so. They also testified that the tractor-trailer was a "shiny, clean truck," easily visible.
Mrs. Free also testified without objection that the driver of the pickup, apparently Hughes, told her he did not see the tractor-trailer truck prior to the accident.
The investigating officer corroborated some of this testimony, stating that he found no skid marks, and that all the debris from the accident was located in the outermost, southbound lane of traffic (and in a parking area and the driveway area of the truck stop located to the west thereof).
Following introduction of this evidence, the appellees called Mr. Free to testify in person. As part of his testimony, Free stated with no objection made by the appellant that the headlights of the oncoming, southbound traffic at the particular time of day in question could be seen first approaching at approximately 200 to 250 feet to the north.
He then rendered his opinion to which the appellant took vigorous exception. *554 The record reveals the following exchange:
"Q. (By Mr. Virgin) Okay. When that truck began its turn, was the pickup far enough north so that it could complete that turn, to your observation?
"A. Yes.
"MR. FRIER: Please don't answer sir. Now, you knew I was going to object and you blurted that answer out. Your Honor, we move to strike that.
"THE COURT: All right. I am going to 
"MR. FRIER: That is improper.
"THE COURT: I will overrule your objection and deny your motion to strike."
Appellant contends that Free's opinion invaded the province of the jury to decide a matter of ultimate fact, and therefore constituted reversible error. We cannot agree.
In the first place, we are prone to agree with the appellees that considering the facts of this case, the opinion of Mr. Free, which was predicated on his personal observation as a motorist for 28 years, was proper.
Appellant cites two cases for the proposition that generally an opinion given by a lay witness is inadmissible where the jury is equally capable of forming an opinion based on the facts in evidence as is the witness. See, Howland v. Cates, Fla. 1949, 43 So.2d 848; National Car Rental System, Inc. v. Holland, Fla.App. 1972, 269 So.2d 407.
However, we also find the following statement of law appearing in the case of Altvater v. Battocletti, 300 F.2d 156 (4th Cir.1962):
"`Though opinion evidence as a general rule is not admissible, still when the facts are such, that it is manifestly impossible to present them to the jury with the same force and clearness as they appeared to the observer, then opinion is admissible as to the conclusions and inferences to be drawn therefrom.' (Citation omitted.)" See also, Seaboard Air Line Ry. v. Smith, 1907, 53 Fla. 375, 43 So. 235; Gretowski v. Hall Motor Exp., 25 N.J. Super. 192, 95 A.2d 759 (1953); Olson v. Purity Baking Co., 185 Minn. 571, 242 N.W. 283 (1932).
Also, the examination of and the extent of testimony by opinion witnesses usually are matters resting within the discretion of the trial court. See, 31 Am.Jur.2d, Expert and Opinion Evidence § 33.
However, on the record presented in this case we do not think it is necessary to expressly ground our determination on the question of whether or not Free's opinion testimony was proper due to difficulty in adequately describing the facts which he observed.
Assuming arguendo that it was error to admit Mr. Free's opinion, we are persuaded that the error was harmless. In our view, the opinion testimony was merely cumulative and repetitious to other abundant testimony in the record upon which the jury could find that the appellees' vehicle was not negligently operated. See, Sea Crest Corporation v. Burley, Fla. 1949, 38 So.2d 434; Riley v. Jackson, Fla.App. 1971, 246 So.2d 625; Hall v. Haldane, Fla.App. 1972, 268 So.2d 403.
Therefore, for the reasons stated and upon the authority cited, the judgment appealed is affirmed.
Affirmed.
CHARLES CARROLL (Ret.), Associate Judge, dissents.