PER CURIAM.
 

 San Marco Realty, Inc., appeals a final judgment entered in favor of David and Pamela Dopierala, arguing that the trial court erred in entering a judgment notwithstanding the verdict. We reverse.
 

 David Dopierala was severely injured when his leg slipped into a manhole. The cover for the manhole did not fit properly, thus causing the accident. The manhole was located on the property of San Marco. The sole issue at trial was who was responsible for maintaining the sewer system and manhole.
 

 In addition to suing San Marco, the Dopieralas also sued Florida Water Systems (FWS), the Vucich Trust, and the City of Marco Island. The Vucich Trust originally installed the sewer line, and there was evidence that it sold the sewer system and its components to FWS in the early 1990’s. The Dopieralas settled with the Vucich Trust, and summary judgment was entered for the City of Marco Island. The Dopieralas also settled with FWS. San
 
 *1109
 
 Marco then named FWS as a Fabre
 
 [1]
 
 defendant. As the case proceeded to trial solely against San Marco, the Dopieralas took a new and completely opposite position, arguing that FWS was not responsible for maintaining the sewer system and manhole cover.
 

 The jury returned a verdict of $500,000 in favor of the Dopieralas which was subsequently reduced by the trial court to $386,464 pursuant to additur and remitti-tur orders. The jury further found San Marco to be
 
 5%
 
 at fault and FWS to be 95% at fault. The trial court granted the Dopieralas’ motion for judgment notwithstanding the verdict,
 
 [2]
 
 in essence granting their motion for directed verdict as to San Marco’s
 
 Fabre
 
 defense.
 

 We conclude that the trial court improperly granted the Dopieralas’ post-trial motion. The record reflects that there was conflicting evidence as to whether San Marco or FWS was responsible for maintaining the sewer system and manhole cover. Accordingly, based on the evidence presented at trial, the jury was entitled to conclude that FWS was responsible for maintaining the sewer system, was responsible for the defective manhole cover, and thus was responsible for David Dopierala’s injuries. “ ‘[U]nless the evidence as a whole, with all reasonable deductions to be drawn therefrom, points to one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury or in setting aside the jury’s determination on conflicting evidence and substituting therefor his own evaluation of the evidence.’ ”
 
 Pahucki v. Armster,
 
 161 So.2d 719, 722 (Fla. 2d DCA 1964) (quoting
 
 Cash v. Gates,
 
 151 So.2d 838 (Fla. 2d DCA 1963));
 
 see also N. Dade Golf, Inc. v. Clarke,
 
 439 So.2d 296, 298 (Fla. 3d DCA 1983) (“[A] trial judge is not authorized to act as a ‘seventh juror’ or to substitute his judgment for that of the jury on disputed questions of fact.”) (citations omitted).
 

 Accordingly, we reverse the judgment notwithstanding the verdict and remand this matter for the trial court to reinstate the jury verdict.
 

 Reversed and remanded with directions.
 

 ALTENBERND, FULMER, and WHATLEY, JJ., Concur.
 

 [1]
 

 .
 
 Fabre v. Marin,
 
 623 So.2d 1182 (Fla.1993).
 

 [2]
 

 . For a good analysis of the limited use of a motion for judgment notwithstanding the ver-diet see Henry P. Trawick, Jr.,
 
 Trawick’s Florida Practice and Procedure
 
 § 26:4 (2008-09 ed.).