141 So.2d 791 (1962)
KARL L. ROFER, APPELLANT,
v.
WALTER S. JENSEN, APPELLEE.
No. 2700.
District Court of Appeal of Florida, Second District.
April 27, 1962.
Rehearing Denied June 12, 1962.
*792 Watkins & Curran, Fort Lauderdale, for appellant.
Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
SANDLER, HARRY N., Associate Judge.
The plaintiff, appellant here, filed his bill of complaint charging in substance that on the 6th day of January, 1960, he was riding south on State Road No. 7, Broward County, Florida; that the defendant negligently and carelessly operated his automobile so as to cause it to be parked on a public thoroughfare without lights, causing it to collide with and come in contact with a motorcycle on which plaintiff was then riding. The defendant filed his answer denying negligence and charging the plaintiff with contributory negligence, and also filed a counterclaim which was later withdrawn.
Prior to the trial the defendant filed a motion for a summary judgment which the Court denied, finding there was a genuine issue as to material facts, and stated in his order "the Court is of the opinion that such issues of fact should be reconciled by a jury." The case went to trial before a jury and at the conclusion of all the testimony the defendant made his motion for a directed verdict, which the Court took under advisement and submitted the cause to the jury which returned a verdict for the plaintiff in the sum of $4,100.00. Thereafter the defendant renewed his motion for a directed verdict made at the conclusion of all the testimony and moved the Court to enter judgment in favor of the defendant against the plaintiff upon the several grounds therein enumerated. Thereafter the motion was granted on the ground that the plaintiff was guilty of contributory negligence as a matter of law and this appeal, of course, followed.
While there are several assignments of error, the sole question involved in this appeal and to be determined is, "was the plaintiff's conduct such that as a matter of law he was guilty of contributory negligence"? There is no difficulty about the applicable rule or rules, the problem being in most cases the application of the rule to the facts. Substantially and somewhat briefly, plaintiff testified that he was traveling south on State Road 7, a two-lane highway, and at the intersection of a street known as Ibec Boulevard the defendant, who was traveling north on State Road 7, stopped his automobile and proceeded to begin a left turn westerly into Ibec Boulevard with the result that the plaintiff who was riding a motorcycle struck the defendants' automobile on the front left side. Both parties contend that the other did not have any lights on. Each in turn contends that his lights were on, the defendant's testimony being that his low beams were burning but not the high beams. The accident happened on January 6, 1960, at 7:00 P.M. at which time the plaintiff testified it was "pitch dark." It is the plaintiff's testimony that about five minutes before he came to the scene of the accident the lights on his motorcycle started flickering, went off and on, but at no time went out and that when he approached the scene of the accident he had a ray of light and defendant's car, which was parked about half way across the center line of the road, became visible for the first time; that he then swung right in an effort to avoid it, striking the car and ending up in a field near by. It is the defendant's testimony that he left his house about ten or fifteen minutes prior to the time of the accident; that he drove his car on State Road 7 in a northerly direction and that his lights were on at the time of the accident but that the motorcycle had no lights on; that as he was proceeding north he came to the intersection and because the whole area along there was very dark he came almost to a dead stop; he commenced making a left turn and his car, in his opinion, was not over the line but if so, not more than a foot or two.
The trial judge granted the motion for a directed verdict relying on the *793 case of Cruse v. Wilson, Fla., 92 So.2d 270, wherein it was held:
"One whose vision is obscured has a duty to exercise care under the circumstances and stop if necessary, * *."
and the case of Macasphalt Corp. v. Murphy, Fla., 67 So.2d 438, wherein the Court held that it is the duty of a person traveling upon the highway to so operate his automobile so as to be able to stop within range of his vision, be it daytime or nighttime. There is no dispute, of course, but that the principles of law herein enumerated are correct. Again the problem is the application to the facts. The general rule, of course, is that issues of negligence or contributory negligence are to be determined by the jury and ordinarily should not be disposed of by the Court in a peremptory manner. Where the facts are such that reasonable persons may fairly arrive at different conclusions, the question of negligence or contributory negligence should be submitted to a jury. 23 Florida Jurisprudence, Negligence, 129, and cases therein cited. Numerous other additional authorities may, of course, be cited but the rule is so well established that it is deemed unnecessary. There is a most recent decision upon the subject, Sheehan v. Frith, Fla.App., 138 So.2d 76 (advance sheets, March 29, 1962) wherein the Court said:
"A party moving for a directed verdict admits, for purposes of the motion, not only the facts shown by the evidence presented, but also every conclusion favorable to the adverse party that a jury might reasonably infer from the evidence. Conflicting evidence should be submitted to the jury whose function it is to weigh and evaluate the evidence. This is particularly so in negligence cases where reasonable men often draw varied conclusions from the same evidence. In such a case, unless the evidence as a whole, with all reasonable deductions to be drawn therefrom, points to but one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury and substituting his evaluation of the evidence for theirs. Nelson v. Ziegler, Fla. 1956, 89 So.2d 780 (a case closely analogous to the one at bar); see also, 32 Fla.Jur., Trial, §§ 91, 94, and numerous cases cited therein."
Likewise the question is thoroughly discussed by Judge White of the Second District Court of Appeal in the case of Sandford v. Firestone Tire & Rubber Company, 139 So.2d 916, wherein the "prime question on appeal pertains to the judgment notwithstanding the verdict," and which involved a slip and fall case. In that case, as in this, the plaintiff rested, the defendant moved for a directed verdict, and the Court reserved ruling. The case was submitted to a jury which returned a verdict for the plaintiff and the Court thereafter, in ruling on the defendant's pre-verdict motion, entered judgment for the defendant notwithstanding the verdict. On appeal the action of the trial court was reversed, the Court saying:
"Where the line of liability is finely drawn, as in many slip and fall cases, the position of the Court is commensurately delicate. Since negligence and contributory negligence are generally regarded as factual issues, subject to legal definement, the trial court should act with great caution and practical certainty before setting aside a verdict. (Cases cited.) If there is room for a difference of opinion between reasonable men as to the existence of evidentiary facts from which an ultimate fact is sought to be established, or if there is room for such difference as to the inferences which reasonably might be drawn, the court should submit the case to the jury. In such cases the jury's conclusion should prevail and not the view of the judge. (Case cited.)
* * * * * *
"In Alessi v. Farkas, Fla.App. 1960, 118 So.2d 658, 660, this court speaking *794 through Judge Allen said: `The question before this court, therefore, is whether the testimony and evidence adduced in the trial below shows that the plaintiff, Aliene Alessi, was guilty of contributory negligence as a matter of law. It is fundamental that a negligence cause should never be withdrawn from the jury unless it appears as a matter of law that a recovery cannot be had upon any view of the facts which the evidence reasonably tends to establish. Gudath v. Culp Lumber Company, Fla. 1955, 81 So.2d 742, 53 A.L.R.2d 846. Moreover, it is generally held that the issue of contributory negligence is to be determined by the jury and ordinarily it should not be disposed of by the court in a peremptory manner. 23 Fla.Jur., Negligence, Sec. 129. Thus, when the question of contributory negligence arises on a state of facts from which reasonable men might draw different conclusions, either as to the facts or the conclusions or inferences to be drawn therefrom, the question should be submitted to the jury.'
"And again: `Courts should be reluctant to set aside jury verdicts or to grant a directed verdict after the jury's verdict has been entered when the evidence adduced is reasonably susceptible of supporting the issue or issues presented. * * * A party moving for a directed verdict admits not only the facts established by the evidence presented but also admits every conclusion favorable to the adverse party that a jury might reasonably infer from the evidence. * * * (U)nless the evidence as a whole, with all reasonable deductions to be drawn therefrom, points to only one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury or setting aside a jury's determination or conflicting evidence and substituting instead his own evaluation of the evidence.' (emphasis added)."
While it is true that under the facts involved in this cause, plaintiff may have been guilty of contributory negligence, this was a question of fact for determination by the jury and did not become a question of law. It therefore was erroneous for the trial court to set aside the verdict of the jury. The judgment appealed from is reversed and the cause remanded with directions to reinstate the verdict and enter judgment thereon.
ALLEN, Acting C.J., and WHITE, J., concur.