194 So.2d 55 (1967)
Robert J. LOVE, Appellant,
v.
James T. ADAMS and Mary R. Adams, His Wife, Appellees.
No. H-460.
District Court of Appeal of Florida. First District.
January 19, 1967.
*56 Dawson, Galant, Maddox, Sulik & Nichols, Jacksonville, for appellant.
S. Perry Penland, Jacksonville, for appellees.
CARROLL, DONALD K., Judge.
The defendant in an automobile collision case has appealed from a judgment notwithstanding the verdict entered by the Circuit Court for Nassau County, setting aside the jury verdict for the defendant, as to the plaintiff wife, ordering a judgment for her on the issue of liability, and ordering a new trial as to her on the sole issue of damages.
The question presented for our determination in this appeal is whether the said court under the law and in view of the evidence adduced by the parties at the trial, properly entered the said judgment.
Briefly stated, there was sufficient evidence at the trial from which the jury could have reasonably drawn the following conclusions:
The collision giving rise to this action occurred within the city limits of Fernandina Beach, Nassau County, Florida, on Eighth Street near its intersection with Jasmine Street. At the point of the said collision Eighth Street is 42 feet wide and divided into two marked lanes for traffic. On the date and at the time in question both the plaintiffs' car and the defendant's car were travelling in a northerly direction on Eighth Street. The plaintiffs, James T. Adams and Mary R. Adams, husband and wife, were in the overtaking car, the husband driving and the wife riding as one of the passengers.
When Adams first saw the defendant's automobile, it was in the middle of his *57 lane of traffic and moving slowly. Approximately 200 feet from the said intersection, the defendant turned on his right blinker signal. When he was almost at the intersection and when his automobile was about two or three feet from the said center line, the defendant commenced making a right turn to a service station. At about this time and for the first time the defendant saw the plaintiffs' automobile passing him on his right (or, in his words, "on my blind side.") The two automobiles then collided, the defendant's automobile stopping at the point of impact while the plaintiffs' automobile, which had been travelling between 25 and 45 miles an hour, continued on beyond the point of impact for about 75 feet and struck a telephone pole head-on, causing personal injuries to the plaintiffs.
Two ordinances of the City of Fernandina Beach are involved in this litigation: one, providing a maximum speed limit of 25 miles an hour; and the other, requiring a person making a right turn to be as close to the right curb as he "reasonably can be."
At the conclusion of the trial the court properly charged the jury that the violation of an ordinance is prima facie evidence of negligence but that such a prima facie showing can be overcome by proof of surrounding circumstances. The jury had before it the questions whether Adams violated the first of the above-mentioned ordinances and whether the defendant violated the second of the said ordinances.
In connection with the question of Adams' violation of the first ordinance, the jury could have considered the evidence that Adams was driving 40 to 45 miles an hour and that Adams was moving at such a speed that he apparently could not control his car, continued on for 75 feet, and ran headon into a telephone pole. In deciding the question whether the defendant was negligent, the jury could have considered the evidence that he turned on his right blinker signal about 200 feet from the intersection and that Adams attempted to pass on the right without blowing his horn or giving the forward car any warning of his approach and intention to pass on the right.
Under the foregoing evidence, the defendant-appellant contends in this appeal that the jury, in reaching its verdict for the defendant, could reasonably have concluded that Adams' negligent conduct was the sole proximate cause of the collision, and we agree.
Following the presentation of the evidence at the trial each of the plaintiffs moved for a directed verdict in their favor. The trial court promptly and properly denied the motion of the plaintiff Adams but reserved its ruling as to the plaintiff Mrs. Adams. This latter action was taken pursuant to subdivision (b) of Rule 2.7 of the Florida Rules of Civil Procedure, 31 F.S.A., which subdivision reads as follows:
"Reservation of Decision on Motion. Whenever a motion for a directed verdict made at the close of all of the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury at such time subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with the motion for a directed verdict."
The trial court then charged the jury concerning the issues raised in both of the plaintiffs' causes of action, and submitted the case to the jury. After deliberation the jury returned a verdict for the defendant and against both of the plaintiffs.
After the trial the plaintiffs timely filed a motion for a new trial and the plaintiff *58 Mary Adams filed a motion for judgment in accordance with her motion for a directed verdict that the court had reserved its ruling on at the trial.
Following a hearing on the said posttrial motions the trial court entered the judgment appealed from herein, denying plaintiffs' motion for a new trial but granting the motion of the plaintiff Mary Adams for judgment in accordance with her motion for a directed verdict, notwithstanding the jury verdict on the issue of liability only, and setting her cause against the defendant for trial on the sole issue of damages.
In the said judgment the trial court set forth its reasons for entering the judgment, namely: that it is obvious that the jury either misunderstood the court's charges on the law or misapplied the law; that it is clear from the evidence that the defendant was "guilty of negligence which was the proximate cause of the accident. * * *"; and that it is equally clear from the evidence that, though it was within the province of the jury to find the plaintiff James Adams to have been contributorily negligent, such negligence may not be imputed to the plaintiff Mary Adams. While we agree with the trial court's statement that the contributory negligence of the plaintiff James Adams was not, under the evidence and issues, imputable to the plaintiff Mary Adams, we think that that court's reasoning was deficient in overlooking the fact that, under the evidence and issues, the jury had another legal alternative  they could, we think, reasonably have found that the negligence of the plaintiff James Adams was the sole proximate cause of the collision and, if the jury so found, neither of the plaintiffs could recover against the defendant.
In granting the plaintiff Mary R. Adams' motion for a directed verdict on the issue of liability and a new trial on the issue of damages, the trial court apparently concluded that the undisputed evidence showed the defendant to be guilty of violating the ordinance which required him to be as close as he reasonably could be to the right curb of the road before making a right turn, and because of this infraction was prima facie guilty of negligence which the jury ignored in finding for the defendant.
As pointed out above, prima facie evidence of negligence arising from the violation of a statute or ordinance may be overcome by proof showing the violator to be free of negligence. Furthermore, such negligence arising from the violation of the city ordinance would be wholly immaterial unless it was found by the jury to be a proximate or contributing cause of the plaintiff's injuries. The court fully charged the jury on the law of proximate cause, and from the evidence recounted above the jury could reasonably have found that it was not the distance of the defendant's vehicle from the right curb of the road at the time he started to make his right-hand turn which caused or contributed to plaintiff's damages, but solely the negligent manner in which the plaintiff James T. Adams operated his vehicle which caused the damages suffered by the plaintiff Mary R. Adams. Under this state of the evidence the trial court was not justified in resolving the issue of proximate cause after it had been resolved by the jury under appropriate instructions on the law of the case.
The principles to be applied in disposing of a motion for a judgment notwithstanding the jury verdict are well established in Florida. In Smith v. Peninsular Life Insurance Co., 181 So.2d 212 (Fla.App. 1966), we quoted with express approval the following statement of those principles from the opinion of the District Court of Appeal, Second District of Florida, in Deese v. White Belt Dairy Farms, Inc., 160 So.2d 543 (1964):
"Motions for judgment notwithstanding verdict, like motions for directed verdict, should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid *59 of probative evidence. Cf. Ely v. Atlantic Coast Line R.R. Co., Fla.App. 1962, 138 So.2d 521, 524 and cases there cited. The movant admits all material facts as attested by his adversary and also admits all inferences of fact favorable to the adversary that reasonably might be drawn from the evidence as a whole. Cash v. Gates, Fla.App. 1963, 151 So.2d 838, 840. If there is room for difference among reasonable men as to the existence of a material fact sought to be established, or as to a material inference which reasonably might be drawn from established facts, the case should be submitted to the jury. E.g. Budgen v. Brady, Fla.App. 1958, 103 So.2d 672, 674. On the instant record we cannot agree that a jury could not, as a matter of law, reach a valid verdict for the plaintiff. Accordingly that portion of the order granting judgment notwithstanding the verdict is reversed."
The just-quoted principles, of course, are founded upon the fundamental fact that in actions at law, such as the instant one, the jurors are the triers of the facts, and neither a trial court nor an appellate court is authorized to substitute its judgment for that of the jury as to questions of fact.
Applying the above principles (as stated in the Smith and Deese cases, supra) to the case at bar, we are compelled to the view that the trial court could have correctly entered the judgment appealed from herein in favor of the plaintiff Mary Adams on the issue of liability, notwithstanding the jury's verdict for the defendant, only if that court could have properly held: that the defense side of the case was "essentially devoid of probative evidence"; that the jury could not, as a matter of law, reach a valid verdict for the defendant, despite the fact that the plaintiff Mary Adams, as the movant, admitted all material facts as attested by the defendant and also admitted all inferences of fact favorable to the defendant that reasonably might have been drawn from the evidence as a whole; and that there is no room for difference among reasonable men as to the material fact (the defendant's negligence as the sole proximate cause of the collision), or as to a material inference of that fact which might be drawn from established facts. Unless each of these conditions pertains, the case was correctly submitted to the jury for its determination of the questions. In our opinion, none of these conditions existed here, so the trial court should not have nullified the jury's verdict by entering the judgment for the plaintiff Mary Adams notwithstanding the verdict. As indicated above, we think that reasonable men could have concluded from the evidence in this case that the plaintiff James Adams' negligence, not the defendant's negligence, was the sole proximate cause of the injuries suffered by the plaintiff Mary Adams.
An additional reason why the trial court should not have entered the said judgment appealed from derives from the fact that this is a negligence action, and the general rule is that controverted issues of negligence should ordinarily be determined by the jury and not by the court. This general rule was thus stated by the District Court of Appeal, Second District of Florida, in Rofer v. Jensen, 141 So.2d 791 (1962):
"* * * The general rule, of course, is that issues of negligence or contributory negligence are to be determined by the jury and ordinarily should not be disposed of by the Court in a peremptory manner. Where the facts are such that reasonable persons may fairly arrive at different conclusions, the question of negligence or contributory negligence should be submitted to a jury. 23 Florida Jurisprudence, Negligence, 129, and cases therein cited. Numerous other additional authorities may, of course, be cited but the rule is so well established that it is deemed unnecessary. * * *"
To the same effect see the decision of the Supreme Court of Florida in Drahota v. *60 Taylor Construction Co., 89 So.2d 16 (1956) and our decision in Beikirch v. City of Jacksonville Beach, 159 So.2d 898 (1964).
In the Drahota case, supra, the Florida Supreme Court explained the basis for this general rule by stating that the "constitutional right to jury trial demands that particular care be accorded in this field, to the end that controversial issues of fact be resolved * * * by a jury functioning under proper instructions."
A further explanation of why the above general rule applies in negligence cases is found in the opinion of the District Court of Appeal, Third District of Florida, in Holmes v. Forty-Five Twenty-Five, Inc., 133 So.2d 651 (1961), as follows:
"* * * Negligence cases are extremely troublesome due to the varied fact situations which they present. It has been held that where the case is extremely close on the question of negligence or contributory negligence, `doubt * * * should always be resolved in favor of a jury trial.' Bess v. 17545 Collins Ave., Inc., Fla. 1957, 98 So.2d 490, 492."
In the Bess case, cited in the last question, the Supreme Court of Florida said:
"We feel this to be a case extremely close on the question of negligence and contributory negligence and in such cases the doubt thereon should always be resolved in favor of a jury trial. * * *"
The plaintiff James Adams admitted in his trial testimony that he attempted to pass the defendant's car on its right near the said intersection without blowing his horn. His passing on the right alone under the circumstances shown could well be the basis for a reasonable conclusion by the jury that the said plaintiff's actions constituted negligence and the sole proximate cause of the collision involved in this case, under the generally-recognized rule that, under the statutes and ordinances or the law of the road in the United States, one vehicle overtaking and passing another must pass to the left of the overtaken vehicle, and failure to do so may constitute negligence. See Blashfield, "Automobile Law and Practice," Third Edition, Vol. 2, Sec. 112.14.
For the foregoing reasons we have reached the conclusion that the question of the defendant's liability to the plaintiff Mary Adams was a question of fact for the exclusive determination of the jury and that the trial court erred in entering the judgment for her despite the jury verdict for the defendant, so that judgment must be and it is reversed and the cause remanded with directions to enter a judgment for the defendant and against the plaintiff Mary Adams in accordance with the jury verdict.
Reversed and remanded with directions.
WIGGINTON, Acting C.J., and SACK, J., concur.