CARROLL, DONALD K., Judge.
The plaintiffs in an automobile negligence action have appealed from a judgment for the defendants entered by the Circuit Court for Escambia County, notwithstanding a jury verdict in favor of the plaintiffs, and from an order entered by the court granting the defendants a new trial in the event of our reversing the said judgment.
The basic question presented for our determination in this appeal is whether the evidence adduced at the trial was legally sufficient to support the jury’s verdict for the plaintiffs, finding the defendants guilty of actionable negligence. If the said evidence was so sufficient, the trial court erred in thus_ upsetting the jury’s verdict and unlawfully encroached upon the jury’s exclusive function as the triers of the facts.
Briefly stated, the evidence at the trial established the following facts:
On the day in question the minor plaintiff, Frank L. Dailey, II, was injured at *567 a race track when he fell under a racing car that was being towed by a wrecker-type truck owned and operated by the defendants.
At the time his injuries occurred, the final race had been concluded and the spectators had descended from the stands to the track and pit area in accordance with their custom to mill around and examine the racing cars. Men, women, and children were in the crowd, and most of them went to see racing car “10-4”, which was owned by one of the defendants and which had “spun out” in the last race. The defendants owned and operated through their agents a wrecker-type tow truck, which was used at the racetrack. About four or five minutes after the end of the last race this wrecker was backed up in the midst of the said crowd to the front of “10-4” in order to tow the car to the pit area.
The defendants’ wrecker crew attached the racing car, “10-4”, to the wrecker by means of a winch and cable attached to an “A-frame” on the back of the wrecker. No tow chain was used, although the wrecker was equipped with one. The use of tow chains would prevent a “snap” when the movement started.
The minor plaintiff was the son of the driver of racing car “10-4” and, after the last race and while he was standing beside that car, his father leaned in the left side of the car to get out his personal belongings and the son stepped upon the crash bar on the right side and started to look inside. After he had been standing on the crash bar for three to five seconds, the wrecker suddenly and without warning “took off with a jerk,” causing the minor plaintiff to fall under the racing car, causing the injuries which, are the subject of the present action.
The defendant Hendricks and his wrecker driver, Kimmons, admitted at the trial that they knew that crowds customarily mill around racing cars after the races; and that the crowd in question included children, and children would sometimes step up to, stand on, and look in the racing cars, with the permission of the cars’ owners; Kimmons also admitted that he knew that the minor plaintiff was around car “10-4” after the race in question.
The particular evidence adduced at the trial which the plaintiffs-appellants contend sufficiently support the jury’s finding that the defendants were guilty of actionable negligence are as follows: no lookout was maintained by the wrecker crew to determine whether a sudden movement might injure someone; the rear view mirror •mounted on the right side of the wrecker was broken; the member of the wrecker crew who was standing on the right rear of the wrecker and who could have seen the minor plaintiff, was looking forward and not back toward the racing car; although the wrecker was equipped with tow chains and a cable attachment, no tow chain was used along with the “A-frame” and cable attachment, which would have prevented a jerk or “snap” as the wrecker started forward; no warning or signal of any kind was given to alert the crowd that the vehicles were about to be moved; the racing car was not started forward cautiously, but was “snatched off,” or started suddenly, with a jerk; the wrecker crew had been drinking beer throughout the day and during the races, and the operator of the wrecker had consumed at least six beers during the late morning and afternoon, and was, to a degree, intoxicated; and the wrecker crew had been “generally cutting up” and were “loud and boisterous.”
The judicial problem before us, then, is whether, in view of all of the evidence adduced at the trial, as delineated above, the trial court properly vacated the jury verdict for the plaintiffs as unsupported by the evidence and entered a final judgment for the defendants, in accordance with the applicable rules.
The rules applicable to the entry of a judgment notwithstanding the verdict have been recognized in many decisions of the *568 Florida appellate courts. We summarize those rules, as we recently did in Love v. Adams, 194 So.2d 55 (1967), as follows:
The principles to be applied in disposing of a motion for a judgment notwithstanding the jury verdict are well established in Florida. In Smith v. Peninsular Life Insurance Co., 181 So.2d 212 (Fla.App.1966), we quoted with express approval the following statement of .those principles from the opinion of the District Court of Appeal, Second District of Florida, in Deese v. White Belt Dairy Farms, Inc., 160 So.2d 543 (1964):
“Motions for judgment notwithstanding verdict, like motions for directed verdict, should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence. Cf. Ely v. Atlantic Coast Line R. R. Co., Fla.App. 1962, 138 So.2d 521, 524 and cases there cited. The movant admits all material facts as attested by his adversary and also admits all inferences of fact favorable to the adversary that reasonably might be drawn from the evidence as a whole. Cash v. Gates, Fla.App. 1963, 151 So.2d 838, 840. If there is room for difference among reasonable men as to the existence of a material fact sought to be established, or as to a material inference which reasonably might be drawn from established facts, the case should be submitted to the jury. E. g. Budgen v. Brady, Fla.App. 1958, 103 So.2d 672, 674. On the instant record we can not agree that a jury could not, as a matter of law, reach a valid verdict for the plaintiff. Accordingly that portion of the order granting judgment notwithstanding the verdict is reversed.”
The just-quoted principles, of course, are founded upon the fundamental fact that in actions at law, such as the instant one, the jurors are the triers of the facts, and neither a trial court nor an appellate court is authorized to substitute its judgment for that of the jury as to questions of fact.
Applying these principles in the case at bar, we find that there was sufficient competent, substantial evidence at the trial to support the jury’s verdict for the plaintiffs. Using the language in the above quotation, we certainly cannot say that the plaintiffs’ side of the case “is essentially devoid of probative evidence.” Therefore, the judgment appealed from herein must be, and it is, reversed and the cause remanded with directions to enter a judgment for the plaintiffs in accordance with the jury’s verdict.
Reversed and remanded with directions.
RAWLS, C. J., and JOHNSON, J., concur.'