PER CURIAM.
The plaintiff in an automobile collision case has appealed from a judgment for the defendant entered by the Escambia County Court of Record, notwithstanding a jury verdict for the plaintiff.
Whether that judgment was properly entered by the court pursuant to the rules governing the entry of a judgment notwithstanding the verdict, is the question presented for our determination in this appeal.
The jury at the trial, under the pleadings, evidence, and jury instructions, by returning a verdict for the plaintiff necessarily found that he was not guilty of contributory negligence. The trial court in entering the judgment for the defendant notwithstanding the verdict, expressly found that the plaintiff was guilty of contributory negligence. This situation presents a classic case calling for a clear delineation of the distinction between the functions of the jury and the court in the determination of factual issues at a jury trial.
In the recent case of Love v. Adams, 194 So.2d 55 (Fla.App.1967), we quoted with approval the following from Deese v. White Belt Dairy Farms, Inc., 160 So.2d 543 (Fla.App.1964) as a correct statement of the rules governing the entry of a judgment notwithstanding the verdict:
“Motions for judgment notwithstanding verdict, like motions for directed verdict, should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence. Cf. Ely v. Atlantic Coast Line R. R. Co., Fla.App. 1962, 138 So.2d 521, 524 and cases there cited. The movant admits all material facts as attested by his adversary and also admits all inferences of fact favorable to the adversary that reasonably might be drawn from the evidence as a whole. Cash v. Gates, Fla.App. 1963, 151 So.2d 838, 840. If there is room for difference among reasonable men as to the existence of a material fact sought to be established, or as to a material inference which reasonably might be drawn from established facts, the case should be submitted to the jury. E. g. Budgen v. Brady, Fla.App.1958, 103 So.2d 672, 674. On the instant record we cannot agree that a jury could not, as a matter of law, reach a valid verdict for the plaintiff. Accordingly that portion of the order granting judgment notwithstanding the verdict is reversed.”
In addition to the just-quoted rules, another rule applicable in the present consideration is that, in actions at law like the present one, the issues of negligence and contributory negligence should be submitted to the jury for determination and ordinarily should not be disposed of by the court in a summary manner, as through the entry of a judgment notwithstanding the verdict. This rule was summarized by the District Court of Appeal, Second Dis *576 trict of Florida, in Rofer v. Jensen, 141 So.2d 791 (1962), as follows:
“The general rule, of course, is that issues of negligence or contributory negligence are to be determined by the jury and ordinarily should not be disposed of by the Court in a peremptory manner. Where the facts are such that reasonable persons may fairly arrive at different conclusions, the question of negligence or contributory negligence should be submitted to a jury. 23 Florida Jurisprudence, Negligence, 129, and cases therein cited. Numerous other additional authorities may, of course, be cited but the rule is so well established that it is deemed unnecessary.”
In Drahota v. Taylor Construction Co., 89 So.2d 16 (1956), the Supreme Court of Florida explained the basis for this last rule by stating that the “constitutional right to jury trial demands that particular care be accorded in this field, to the end that controverted issues of fact be resolved * * * by a jury functioning under proper instructions.”
A final rule applicable here is that recognized by your Supreme Court in Bess v. 17545 Collins Ave., Inc., 98 So.2d 490 (1957), saying:
“We feel this to be a case extremely close on the question of negligence and contributory negligence and in such cases the doubt thereon should always be resolved in favor of a jury trial. * * *”
Applying the foregoing rules to the evidence adduced at the trial, we reach the conclusion that, while reasonable men could conclude from that evidence that the plaintiff was guilty of contributory negligence, it is also true that reasonable men could conclude from the said evidence that the plaintiff was not thus guilty, so there was room for difference among reasonable men as to the existence of the material fact of the plaintiff’s contributory negligence. On the record before us, therefore, we cannot agree that a jury could not, as a matter of law, reach a valid verdict for the plaintiff, and hence the judgment for the defendant notwithstanding the verdict was improvi-dentially entered.
For the foregoing reasons, the judgment notwithstanding the verdict must be, and it is, reversed and the cause is remanded with instructions to enter a final judgment for the plaintiff in accordance with the verdict of the jury.
Reversed and remanded with instructions.
CARROLL, DONALD K., Acting C. J., and RAWLS and JOHNSON, JJ., concur.