208 So.2d 101 (1968)
Wayne HENDRICKS and Leonard Sealey, D/B/a Wayne & Leonard Auto Parts, Petitioners,
v.
Frank L. DAILEY, Individually, and As Father and Next Friend of Frank L. Dailey, II, a Minor, Respondents.
No. 36590.
Supreme Court of Florida.
March 13, 1968.
*102 Robert P. Gaines, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for petitioners.
Lefferts L. Mabie, Jr., of Hopkins & Mabie, Pensacola, for respondents.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review a decision of a District Court of Appeal because of alleged conflicts with prior decisions of this Court. Fla. Const. Art. V, Sec. 4, F.S.A.; Dailey v. Hendricks, 200 So.2d 566 (1st D.C.A. Fla. 1967).
We must again consider the test which controls the propriety of an order of a trial judge granting a motion for a new trial.
Petitioner Hendricks owned a racing stock car. It was driven by respondent Dailey, Sr. Petitioners Hendricks and Sealey owned and operated a wrecker which was used to service the racing cars. During the last race of a meet, the racing car developed mechanical failures. Petitioners' wrecker was brought in to tow it away. Respondent Dailey, Jr., eleven years old, apparently climbed on the racer. It is claimed that when the wrecker started the tow, Dailey, Jr. was thrown to the ground and severely injured. Dailey sued Hendricks and Sealey and recovered a jury verdict for damages for injuries to his minor son.
During the trial at the close of plaintiffs' case, and again at the close of all of the evidence, the defendant moved for a directed verdict. The judge reserved his ruling and let the case go to the jury. The verdict for plaintiffs resulted. After verdict, the defendants moved for a judgment notwithstanding the verdict and alternatively for a new trial. The trial judge granted the motion to set aside the verdict and to enter a judgment for the defendants notwithstanding the verdict. He did this on the ground that the defendants were entitled to a directed verdict at the close of the evidence. Alternatively, the order provided that if the judgment notwithstanding the verdict should be reversed on appeal, then the defendants' motion for a new trial was granted on the grounds that the verdict was "contrary to the manifest weight of the evidence," and on the further ground that the evidence failed to show the driver's actual or constructive knowledge of the dangerous position of the minor plaintiff.
On appeal, the District Court reviewed the record evidence and reversed the post-trial order of the trial judge. He was directed instead to enter a judgment for the plaintiffs in accord with the jury's verdict. In doing so the District Court reviewed the rules governing the entry of judgments notwithstanding the verdict. We find no basis on which to differ with their summarization and application of these rules. Dailey v. Hendricks, supra.
Our problem, however, derives from the fact that in reversing the trial judge and directing entry of a judgment, the District Court apparently overlooked the alternative order granting the new trial because the verdict was "contrary to the manifest weight of the evidence." The rules governing *103 entry of a judgment notwithstanding a verdict differ materially from those which control the granting of a new trial. In the case at bar, the standards which control the former were made equally applicable to the latter. It is at this point that we reach a line of cleavage with the decision under review.
The District Court here found "that there was sufficient competent, substantial evidence at the trial to support the jury's verdict for the plaintiffs," and that the plaintiffs' side of the case was not "essentially devoid of probative evidence." These standards were applied in reversing the order granting the new trial as well as the order granting judgment notwithstanding the verdict. In applying these tests to the granting of the new trial the decision of the District Court is clearly in conflict with our opinion in Cloud v. Fallis, 110 So.2d 669 (Fla. 1959).
We have consistently acknowledged that an order granting a new trial may be reviewed on the record to ascertain whether there is present a detectable abuse of judicial discretion. Russo v. Clark, 147 So.2d 1 (Fla. 1962). However, the opinion of the trial judge is entitled to great weight and he should not be reversed unless the appellate court can determine from the record that his judicial discretion has been abused. Russo v. Clark, supra. In making this study of the record to ascertain whether to upset the order of the trial judge granting a new trial, we have held that it is not sufficient for the reviewing court merely to detect the presence of "competent, substantial evidence at the trial to support the jury's verdict." One attacking such an order has a heavy burden to make error to appear in the exercise of the broad discretion allowed the judge who has presided at the trial, and who has had direct, personal contact with the presentation of the case as it unfolded at the trial level. We refer again to the governing rules as we announced them in Cloud v. Fallis, supra, with appropriate safeguards recognized by Russo v. Clark, supra.
Rules governing motions for judgments notwithstanding the verdict are substantially the same as those which guide the disposition of a motion for a directed verdict. Morgan v. Collier County Motors, Inc., 193 So.2d 35 (2d D.C.A.Fla. 1966); Smith v. Peninsular Insurance Co., 181 So.2d 212 (1st D.C.A.Fla. 1966). A verdict should not be directed where there is a conflict in the evidence or the reasonable inferences to be drawn therefrom. Hartnett v. Fowler, 94 So.2d 724 (Fla. 1957); Thorsell v. Miller, 180 So.2d 677 (2d D.C.A. Fla. 1965). The trial judge is authorized to grant such a motion only if there is no evidence or reasonable inferences to support the opposing position. Wilson v. Bailey-Lewis-Williams, Inc., 194 So.2d 293 (3d D.C.A. 1967); Cutchins v. Seaboard Air Line R. Co., 101 So.2d 857 (Fla. 1958).
In view of the foregoing we find no fault with the position of the District Court here in reviewing the order regarding the judgment notwithstanding the verdict. However, as we have pointed out, this rule was erroneously applied also as a standard for testing the correctness of the order on the motion for a new trial. The two motions are different and require application of different guidelines. Rule 1.480 Fla. RCP, 30 F.S.A.; see Authors' Comment 30 F.S.A. 548.
To the extent that the decision under review set aside the order granting a judgment notwithstanding the verdict, it is not disturbed. To the extent that it set aside the order awarding a new trial it is quashed and the cause is remanded for reconsideration by the District Court in the light of this opinion.
It is so ordered.
CALDWELL, C.J., and DREW and ERVIN, JJ., concur.
ADAMS, J., dissents.