PER CURIAM.
Appellant, who was the plaintiff below, seeks review of an order of the lower court granting judgment in favor of the defendants, notwithstanding a jury verdict foi the plaintiff in the amount of Five Thousand Dollars.
Plaintiff was injured when he slipped and fell in a parking area adjacent to a shopping center owned by certain of the defendants and leased by them to the remaining defendants. The alleged cause of plaintiff’s fall was the negligent failure on the part of the defendants to police and otherwise maintain the area.
The individual defendant, Abromovitz, was granted summary final judgment, and the cause came on for trial as against the remaining defendants. At trial, both defendants entered motions for directed verdict, upon which motions ruling was reserved. The jury returned a verdict in favor of the plaintiff, assessing his damages at $5,000.00. Subsequently the trial court granted defendant’s motions for judgment n. o. v., whereupon plaintiff appealed.
The often quoted rule regarding motions for judgment notwithstanding verdict was ably stated in the case of Deese v. White Belt Dairy Farms, Inc., Fla.App.1964, 160 So.2d 543:
“Motions for judgment notwithstanding verdict, like motions for directed verdict, should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence. [Citations omitted]. The movant admits all material facts as attested by his adversary and also admits all inferences of fact favorable to the adversary that reasonably might be drawn from the evidence as a whole. * * * If there is room for difference among reasonable men as to the existence of a material fact sought to be established, or as to a material inference which reasonably might be drawn from established facts, the case should be submitted to the jury. * * * ”
From a careful review from the record on appeal in the instant case, we conclude that contained therein is sufficient evidence *252 upon which a jury might lawfully base a verdict for the plaintiff. See also: Greer v. Thweatt, Fla.App.1967, 202 So.2d 574; Daily v. Hendricks, Fla.App.1967, 200 So.2d 566; Love v. Adams, Fla.App.1967, 194 So.2d 55; Smith v. Peninsular Insurance Company, Fla.App.1965, 181 So.2d 212.
Accordingly, the order appealed is reversed and the cause is remanded to the lower court with directions to enter a judgment based upon the jury verdict.
Reversed and remanded with directions.