ON PETITION FOR REHEARING
PER CURIAM.
The initial opinion of this court in this cause was rendered on July 6, 1967, 200 So.2d 566 (Fla.App. 1st, 1967). In said opinion this court concluded that the trial judge erred in entering a judgment notwithstanding a jury verdict in favor of plaintiffs. The opinion also mentioned that the trial judge entered an order granting defendants a new trial in the event the judgment notwithstanding the jury verdict should be reversed on appeal.
*601 Certiorari was granted by the Supreme Court, Hendricks v. Dailey, 208 So.2d 101 (Fla.1968), affirming that part of this court’s opinion reversing the trial judge’s order granting defendants’ motion for judgment notwithstanding the verdict for plaintiffs, and quashing that part of this court’s opinion pertaining to the setting aside of the order granting a new trial. Upon remand of the cause, this court in a per curiam opinion, Dailey v. Hendricks, 211 So.2d 222 (Fla.App.1st, 1968), stated:
“ * * * we have reconsidered our decision in the light of the said opinion and the principles enunciated in Cloud v. Fallis, 110 So.2d 669 (Fla.1959), and have reached the conclusion that we cannot say that the trial court improperly exercised its broad discretion in awarding a new trial on the ground that the verdict was contrary to the manifest weight of the evidence.”
It is with the foregoing background in this cause that we consider plaintiffs’-appellants’ petition for rehearing.
Our initial interpretation of the Supreme Court’s opinion was it had determined that the rule pronounced in Cloud v. Fallis, 110 So.2d 669 (Fla.1959), obtained and instructed this court to sustain the trial judge’s order granting a new trial. However, after further considering the matter upon appellants’ petition for rehearing and arguments upon same, and a study in depth of the Supreme Court’s opinion, we are now convinced that the Supreme Court did not intend to direct this court to sustain the order granting a new trial, but rather correctly pointed out to this court that it had not applied the proper standard for testing the correctness of the order on the motion for a new trial. In reaching this conclusion we quote from the Supreme Court’s opinion, 208 So.2d 101, at page 103:
“ * * * However, as we have pointed out, this rule was erroneously applied also as a standard for testing the correctness of the order on the motion for a new trial. The two motions are different and require application of different guidelines. * * *
“To the extent that the decision under review set aside the order granting a judgment notwithstanding the verdict, it is not disturbed. To the extent that it set aside the order awarding a new trial it is quashed and the cause is remanded for reconsideration by the District Court in the light of this opinion.” (Emphasis supplied.)
Since we initially misinterpreted the language of the Supreme Court’s remanding the cause to this court, we again review the record from which the trial court found that the verdict was contrary to the manifest weight of the evidence and that the evidence failed to show the driver’s actual or constructive knowledge of the dangerous position of the minor plaintiff.
It would serve no useful purpose to again recite the facts which are recorded in our prior opinion reported in 200 So.2d 566. Suffice it to say that the facts as delineated clearly reflect the absence of foundation for the trial judge’s finding that the verdict was contrary to the manifest weight of the evidence. The following material evidentiary matters were not contradicted by defendants: (1) absence of lookout around the vehicle to be towed, (2) lack of any warning or signal whatever, (3) absence of rear view mirror, (4) knowledge of the crowd, the children, the custom to climb on the cars, and (5) the beer drinking on the part of the wrecker crew and the driver. We are compelled to observe that if a manifest weight of the evidence exists, such would be in favor of the plaintiffs and not the defendants. We fail to find any support for the trial judge’s observation that the evidence failed to show the driver’s actual or constructive knowledge of the dangerous position of the minor plaintiff. The plaintiffs proved without material contradiction that the wrecker crew had constructive knowledge that it was the custom of chil *602 dren to climb on the racing cars, that a member of the wrecker crew could easily have seen the minor plaintiff had he “looked,” and in a setting such as is presented by this record, there existed some duty on the part of the wrecker crew to clear the area around the racing cars prior to “taking off with a jerk.”
It is well settled that a trial judge’s finding that “the verdict is contrary to the manifest weight of the evidence” must find a basis in the record to sustain the granting of a new trial. An observation by a trial judge that the verdict is contrary to the manifest weight of the evidence does not make such a finding an absolute fact; it must be found from a basis in the record. An appellate court does not review a trial judge’s conscience — it reviews the record upon which a trial judge bases his conscience. If the record does not support the finding, it necessarily follows that an abuse of discretion is indicated on the part of the trial judge. McAllister Hotel, Inc. v. Porte, 123 So.2d 339 (Fla.1960); Cobb v. Brew, 155 So.2d 814 (Fla.App. 1st, 1963); Mansell v. Eidge, 179 So.2d 624 (Fla.App. 3d 1965); and Florida Power Corporation v. Smith, 202 So.2d 872 (Fla.App. 2d, 1967).
We recognize that the opinion of a trial judge ordering a new trial is entitled to great weight and will not be reversed unless the appellate court can determine from the record that his judicial discretion has been abused. However, it is our conclusion that the record in this cause does not support the trial judge’s finding that the verdict was contrary to the manifest weight of the evidence and that the evidence failed to show the driver’s actual or constructive knowledge of the dangerous position of the minor plaintiff, and therefore it is an abuse of discretion on his part in granting a new trial.
The petition to rehear our decision of April 18, 1968, is granted and upon consideration thereof, said decision is vacated. Therefore, the judgment appealed is reversed and the cause remanded with directions to enter a judgment for the plaintiffs in accordance with the jury’s verdict.
Reversed and remanded.
CARROLL, DONALD K., Acting C. J., and RAWLS and JOHNSON, JJ., concur.