MELVIN, WOODROW M., Associate Judge.
This is an appeal by the defendants from an order of the trial court granting a new trial to plaintiff, Jacquelyn Rowley, following a jury verdict in favor of the defendants and against said plaintiff. The parties will be referred to as designated before the trial court.
Two automobiles collided at the intersection of U.S. 1 and Floranada Road within the city limits of Fort Lauderdale, Florida, on the night of May 24, 1964.
Kenneth Rowley was the owner-operator, and his wife, Jacquelyn, was a passenger in the right front seat of the vehicle which, prior to the collision, was proceeding north on U.S. 1. Another passenger sat in the rear seat.
Roberta Manes was driving south on U.S. 1 in an automobile owned by her parents. She was alone at the time of the accident.
At the intersection in question, traffic is governed by automatic traffic-control devices. Northbound traffic, desiring to turn left at said intersection, is controlled by a left-turn, green arrow, and while thus controlled, southbound traffic has a red signal.
Kenneth Rowley and Jacquelyn Rowley sought damages from Roberta Manes who, joined by her father and guardian in the same suit, prosecuted individual claims for damages against Kenneth Rowley and Jacquelyn Rowley. Eash driver testified that he was facing a green traffic light at the time of approaching and entering the intersection.
In due course the entire cause proceeded to trial, and the trial judge dismissed the claim of Roberta Manes against Jacquelyn Rowley.
The trial judge fully and correctly charged the jury the law of the case, including the doctrine of last clear chance.
The jury, having deliberated for two hours, returned into court with its verdict finding in favor of third party plaintiffs, Roberta Virginia Manes, a minor, etc., and against third party defendant, Kenneth Rowley, and assessed damages in the sum of $3,000.00. Thereupon, the jury was polled and affirmed the verdict.
The jury also returned its verdict in favor of Roberta Manes and against Jacquelyn Rowley, under the circumstances later discussed in this opinion.
Thereafter, on February 13, 1967, the trial judge granted Jacquelyn Rowley a new trial upon the grounds that (1), the claims should have been severed for trial purposes, and (2), said plaintiff was denied her right to have jury deliberation of her claim.
The granting of a new trial is the exercise of a sound discretion by the trial court, and it is not to be overturned absent a clear showing of an abuse of such discretion. Cloud v. Fallis, Fla.1950, 110 So.2d 669. The exercise of such discretion must, however, find support in the record. Dailey v. Hendricks, Fla.App.1968, 213 So. 2d 600.
As to the first ground for the order granting a new trial, the record does not reveal any request of either counsel during the pleading or trial stage of this cause that any issue be severed for trial. No point in this regard is raised by the motion for new trial.
The collision of the two automobiles was the subject upon which each claim for dam *489 ages was based. It was necessary for a jury to determine which driver, or both, were negligent. The jury having determined that (1), Driver Rowley was negligent, (2), that Driver Manes was not negligent and was entitled to damages, it follows that the claim of Jacquelyn Rowley against Manes must be defeated, as a matter of law.
The issues disposed of in this trial are usual to those presented in litigation involving collision of two automobiles, in which the driver and passenger in one sue the driver of the other for damages, who in turn counterclaims for damages. Although capable of lengthy presentation, the issue is a short one.
While Rule 1.270(b), Florida Rules of Civil Procedure, 30 F.S.A., gives the court the discretion to order the separate trial of any claim, nevertheless, in Bowen v. Manuel, Fla.App.1962, 144 So.2d 341, 343, the court held:
“* * * [T]he piecemeal trial of actions is not considered a matter of right, and is allowed only when it would further justice and avoid undue expense or inconvenience to the parties. * * ”
In Bowen, the court further observed that severance is generally not allowed in the ordinary negligence action.
In this regard, the ground for granting a new trial is without merit.
As to the second ground for entry of the Order for New Trial, the record reveals that after the jury was polled as to its verdict for damages in favor of Manes and against driver Kenneth Rowley, the further proceedings were:
“THE COURT: Being nothing further — Anything further from counsel?
“MR. FOWLER: I have the feeling that I would like the jury polled to ask them if they — There is another form of verdict perhaps, should be perhaps filled out, to ask if they by this verdict— There must be a second verdict that has to do with the — May I find it, please?
“MR. McCLOSKY: One of two.
“MR. FOWLER: Yes, this one, or this. one. I would like to have them polled, to find if they find in favor of the defendant on that one against the claims of Mrs. Rowley.
“THE COURT: Gentlemen of the Jury, is this the sole verdict that you brought in? This one that finds against Kenneth Rowley. There is another form of verdict here says:
“ ‘We, the Jury, find against the plaintiff, JACQUELYN ROWLEY, in favor of the Defendants, ROBERTA VIRGINIA MANES, and JOSEPH G. MANES, Guardian ad Litem.’
Had you considered that verdict?
“MR. POOLE: We considered those verdicts, Your Honor.
“THE COURT: What was your verdict, let me get your names. Mr. Patterson, did you reach a verdict against Jacquelyn Rowley in favor of Roberta Manes ?
“MR. PATTERSON: Yes, sir.
“THE COURT: Mr. Campbell, did you find, or reach a verdict against Jacquelyn Rowley in favor of Roberta Manes ?
“MR. CAMPBELL: Yes, sir.
“THE COURT: Mr. Paolucci, did you find and reach a verdict against Jacquelyn Rowley in favor of Roberta Manes ?
“MR. PAOLUCCI: Yes, sir.
“THE COURT: Mr. Roetelle, did you reach a verdict, and did you find against the plaintiff, Jacquelyn Rowley?
“MR. ROETTELE: Yes, sir.
“THE COURT: Mr. Poole, did you reach a verdict and find against Jacquelyn Rowley and for Roberta Manes?
*490 “MR. POOLE: Yes, sir.
“THE COURT: Mr. Rylander, did you reach a verdict, and did you find against the plaintiff, Jacquelyn Rowley?
“MR. RYLANDER: Yes, sir.
“THE COURT: Have them execute this verdict.
“(Thereupon, the Clerk handed the verdict to Mr. Poole.)
“THE CLERK: Here is the verdict.
“(Thereupon, the Clerk handed the verdict to the Court.)
“THE COURT: Being nothing further, the court is adjourned. Gentlemen of the Jury, your work is concluded on behalf of this record.”
The foreman stated that the jury had considered the verdict and had found against Jacquelyn Rowley and in favor of Roberta Manes. Each juror affirmed likewise. The jury had simply failed to sign its verdict before returning into the courtroom.
While it may be that upon further deliberation the trial court concluded the better procedure may have been to have directed the jury to return to the jury room to formalize the verdict, no possible harm was done by the procedure that was followed in this case. No objection was made at the time the verdict was thus presented. Atlantic Coast Line R. Co. v. Price, Fla.1950, 46 So.2d 481.
The learned trial judge was in error in granting a new trial to Jacquelyn Row-ley, and such order is reversed, with direction to enter judgment upon the verdict of the jury.
WALDEN, C. J., concurs.
CROSS, J., concurs in conclusion only.