BERANEK, Judge.
Plaintiff appeals from a final judgment entered after a jury trial of a personal injury action. Plaintiff was injured in an accident occurring on a construction site. The jury verdict found that the plaintiff himself was guilty of 75% negligence and that the plaintiff’s total damages were $17,-000.00. The jury also found in favor of the plaintiff’s wife on her loss of consortium claim but awarded her “zero” dollars. Plaintiff asserts that the 75% figure was too high and not supported by the evidence and that the $17,000.00 damage award was grossly inadequate so as to shock the judicial conscience.
These two arguments, along with an attack on the wife’s “zero” dollar consortium verdict, were made to the trial court on motion for new trial. The trial court denied the motion as to the grounds asserted by the husband but granted the motion as to the wife’s consortium claim.
On appeal the husband/appellant attacks the final judgment entered pursuant to the jury verdict and the defendant cross-ap *105 peals the granting of the new trial on the wife’s consortium claim. We affirm.
Under Lawrence v. Florida East Coast Railway Co., 346 So.2d 1012 (Fla.1977), special verdicts are required in all cases involving comparative negligence. We believe that the setting of the precise percentage of negligence is obviously a matter peculiarly within the judgment of the jury. Here the evidence was not without conflict. The accident involved a fall on a construction site where plaintiff was an inspector. There was evidence — if believed — that plaintiff should have seen a sign when he crossed a ladder stating, “Do not enter — dangerous.” The jury might well have found a lower percentage of negligence. However, we cannot rule that reasonable men could not reach the verdict rendered.
The same rationale is applicable to the $17,000.00 award of damages. As noted in McNash v. Oxenhandler, 355 So.2d 446 (Fla. 4th DCA 1978), although we could well affirm a much higher award, we cannot rule that the verdict lacks support in the record. Here again, this is a matter peculiarly within the decisional power of the jury.
As the Supreme Court noted in Helman v. Seaboard Coastline Railroad Co., 349 So.2d 1187 (Fla.1977), there are certain “incontrovertible premises of law” governing review of jury verdicts. It is unnecessary to here repeat the 25 cases cited by that court in support of the principles that a verdict must be sustained if there is any competent evidence to support it and that it is not the function of this Court to re-evaluate evidence and substitute its judgment for that of the jury. Suffice it to say that the quantity of negligence and the dollar amount of damages were both pure jury questions and were supported by competent evidence. No other legal errors have been demonstrated from the record, and we, therefore, affirm on the husband/appellant’s appeal.
The grant of a new trial on the wife’s consortium claim is also proper. See, Worley v. Kirkland, 360 So.2d 447 (Fla. 1st DCA 1978). The grant of a new trial will not be disturbed on appeal except on a clear-showing of an abuse of discretion. Castlewood International Corporation v. LaFleur, 322 So.2d 520 (Fla.1975). The cross-appellant has failed to fulfill the heavy burden necessary for reversal in this regard. Hendries v. Dailey, 208 So.2d 101 (Fla.1968).
AFFIRMED.
CROSS and DAUKSCH, JJ., concur.