POLEN, Judge.
Appellants were prospective real estate buyers and appellees Reichbach were real estate brokers hired by appellants in their search for a house. Appellees Friedman are not involved in this appeal.
Appellants brought suit against Friedman and Reichbach for specific performance and damages for intentional interference with a contractual relationship and negligence. The jury returned a verdict against Friedman for $23,600.00 for tor-tious interference and against Mrs. Reich-bach for negligence. The jury found for Mr. Reichbach on the negligence count. The trial court ordered a new trial but then granted a reserved motion for a directed verdict in favor of appellees. This appeal followed. After oral argument, the parties were ordered to file supplemental briefs on the issues of the agency relationship, if any, between the broker and prospective buyers and whether the broker owed a duty to the buyers which would give rise to a negligence cause of action. We affirm in part and reverse and remand in part.
Appellants contend that the trial court erred in dismissing their count for intentional interference with a business contract.
Four elements are required to be pleaded and proved to establish a cause of action for intentional interference with a business or contractual relationship: (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damages to the plaintiff as a result of the breach of the relationship. Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (Fla.1985).
In the instant ease, appellants signed the sale contract after allegedly reaching an oral agreement with the sellers. Appellants then forwarded the contract to the seller. The sellers did not sign it. Thus, the best that appellants had was an offer to buy a house based upon an oral agreement and not a valid and enforceable contract for purchase and sale. A mere offer to sell, does not, by itself give rise to sufficient legal rights to support a claim of intentional interference with a business relationship. Landry v. Hornstein, 462 So.2d 844 (Fla. 3d DCA 1985); Lake Gateway Motor Inn, Inc. v. Matt’s Sunshine Gift Shops, Inc., 361 So.2d 769 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1370 (Fla.1979).
Appellants reliance on MD Associates v. Friedman, 466 So.2d 1277 (Fla. 4th DCA 1985), is misplaced. In that case, we reversed the trial court’s dismissal of the intentional interference count and concluded that a cause of action was stated in the complaint. In this instance, the matter is now before us after trial. Therefore, we are reviewing the sufficiency of the count after the facts of the case have been established. Diamond v. Rosenfeld, 511 So.2d 1031 (Fla. 4th DCA 1987), review denied, 520 So.2d 586 (Fla.1988). We are of the opinion that the trial court correctly granted appellees’ motion for directed verdict on this count. Accordingly, we affirm the trial court’s decision as to point I on appeal.
Appellants raise several issues in their second point on appeal. First, they contend that it was error for the trial court *1160 to initially grant a new trial, then change it to a directed verdict on the negligence count against Mrs. Reichbach. They also contend that their motion for judgment notwithstanding the verdict against Mr. Reich-bach should have been granted.
The record reflects that Mrs. Reichbach was the one who allegedly made the statements to the Friedmans about appellants’ offer and that it was Mrs. Reichbach only, who received the commission from the Friedman sale. Since there was evidence or reasonable inference from the evidence that supports the jury’s verdict in favor of Mr. Reichbach, it would have been error for the trial court to grant appellees’ motion for judgment notwithstanding the verdict.
The second issue concerns the trial court’s order granting appellees’ motion for a new trial. The trial court concluded that appellants failed to prove an intentional interference with contractual relations and that appellants suffered no damage as a result. The trial judge then set forth its reasoning. The subsequent order changing the. new trial to a directed verdict simply stated that the motion was granted for the reasons previously stated in the motion for a new trial. The motion for directed verdict was timely made and properly reserved by the trial court. The record in this case contains sufficient evidence from which a jury could have found for appellants on the alleged negligence of Mrs. Reichbach. Thus, we believe it was error for the trial court to grant the reserved motion for directed verdict. However, we affirm the trial court’s order granting a new trial as being within the court’s discretion where no clear showing of an abuse of discretion has been demonstrated. Morrison v. Intercounty Construction Corp., 368 So.2d 104 (Fla. 4th DCA 1979). Accordingly, we reverse the order granting a directed verdict and affirm the trial court’s order granting a new trial.
DELL and WALDEN, JJ., concur.